## VANDYKE *v.* CARLETON.

A tax-list and warrant, which show that a tax upon partnership property was in fact assessed to its joint owners, is sufficient, although the name of the firm, as set down therein, is not strictly accurate.

The individual goods of a partner may be taken by distraint for the payment of a tax against the firm.

TROVER, for a horse, which was the individual property of the plaintiff, taken by the defendant, as tax-collector of Stewartstown, and sold to enforce collection of a tax assessed to the firm name of VanDyke, Peabody & Co., for the year 1877. Facts found by a referee. The plaintiff was a member of the lumbering firm of Peabody, VanDyke & Co.; and there was no firm having the name VanDyke, Peabody & Co. The tax was assessed on a lot of logs belonging to Peabody, VanDyke & Co.; and the plaintiff, being the active member of that firm, living in Stewartstown, was duly notified of it, but refused to pay it, giving as a reason that he knew no such firm as VanDyke, Peabody & Co., and no property of the firm was pointed out. At the time the tax was assessed, Peabody, VanDyke & Co. were largely engaged in logging business in the vicinity of Stewartstown, and had been so engaged there the winter before. The plaintiff always had the principal charge of that business, but all checks and notes given by the firm were signed Peabody, VanDyke & Co., and never VanDyke, Peabody & Co.

*Bingham & Aldrich* and *Ray, Drew & Jordan*, for the plaintiff. The statute requires logs to be taxed to the owners. G. L., *c.* 142, *s.* 13. The owners were Peabody, VanDyke & Co. The assessment was made to VanDyke, Peabody & Co., without addition or description, and such name inserted in the warrant, and the question is whether this was a sufficient compliance with the statute. A collector's warrant is final process, and none more arbitrary in character, and all questions arising as to its sufficiency are to be construed strictly. This principle has not been relaxed by any statutory provision authorizing amendments. The name is essential (Burroughs Tax. 203), and the assessment and warrant must contain either the right name, or an intelligible and sensible description by way of addition, such as stating the names of the individual members, place, and nature of business of the firm, &c. This rule, as applicable to towns and cities where there are many individuals and firms of nearly the same name, is deemed necessary and important, and on the whole more safe and less troublesome than a holding which would allow matters of substance to be supplied by parol, and is fully sustained by *Clark* v. *Braydon*, 37 N. H. 562, and by authorities elsewhere.

The case shows that the name is not right, and that the description is wanting. There are no individual names, no town, street or number, nothing to indicate what VanDyke or what Peabody, whether of Pittsburg or Seabrook or some immediate place. If the name is known, it should be correctly inserted; if not known, then an intelligible description; and if neither of these requirements is complied with, the assessment and warrant are invalid, and the equity that is introduced by saying that you have got the right parties is not strong enough to overcome the necessity of such a rule. Confusion, uncertainty, and positive harm would sooner or later result from a more relaxed holding of the law. Let it be understood that the name and description are not essential, and carelessness and litigation would certainly follow. A tax assessed in the name of John Nooks is not valid against Peter Nooks, even though Peter Nooks owned the property and was intended, for the reason that there is no description, and the essential element of a name is wanting. Cooley Tax. 279, *n.* 1, ¶ 3; Burroughs Tax 203; *People* v. *Whipple*, 47 Cal. 591; *Curtis* v. *Brown County*, 22 Wis. 167; 12 U. S. (1st Series) Dig. 907, *s.* 2415; Parsons Part. 95, 125–128, 225. In *People* v. *Whipple* it is said that the assessment to a name not the real name, and one by which the party had not at any time been known, is equivalent to omitting it altogether, and such assessment is absolutely void. The other authorities go to the same extent, and fully sustain the doctrine.

The name of *VanDyke*, Peabody & Co. is as distinct from *Peabody*, VanDyke & Co. as Peter Nook from John, or S. B. Whipple from S. M. Whipple. The VanDyke might be the same and the Peabody different, or the Peabody the same and the VanDyke

different, or the VanDyke and Peabody the same and the Co. different, and *vice versa*, there might be one man in one Co. and fifty in the other. The right to proceed against a party for a tax depending upon a strict compliance with the law, the authorities growing out of proceedings against persons charged with crime, with an imperfect and unintelligible warrant, are in point, and sustain the position of the defendant. *Grumon* v. *Raymond*, 1 Conn. 39; *Sandford* v. *Nichols*, 13 Mass. 288. A collector's warrant and the assessment differ from final process of court in the respect that they are not subject to amendment by the selectmen in matters of substance. An invalid tax cannot be cured by amendment. An insufficient description cannot be supplied by parol evidence. The record must speak for itself. Burroughs Tax. 211. *Souhegan Factory* v. *McConihe*, 7 N. H. 309, is not analagous to this. In that case there was a substantial description of the corporate name. "Souhegan" tends to locate the place of business, "Nail, Cotton & Woolen" indicates the nature of the business, and it was in fact a "corporation." The name is substantially correct, and the description of the party is certain. *Pierce* v. *Richardson*, 37 N. H. 306, is broadly distinguishable from the present case. That was a non-resident tax sale, where greater latitude is given, and the tax is not against the owner, but the name and addition used is descriptive of the property taxed merely. The lot was set down in the list as being "laid out to Thomas Pack*ard* as original owner," when, in fact, the name of the original owner was Thomas Pack*er*. The names were the same in sound, and the words "as original owner" were descriptive, and this was held a sufficient description of the land.

If the assessment was valid, and the name in the warrant sufficient to charge the partnership, it conferred no authority upon the collector to seize the private property of the plaintiff under the circumstances of this case. The defendant cites no case holding that such power exists, and we have not been able to find one in the books. The statute requires the name of the owner to be inserted, and provides that upon neglect or refusal of such person or corporation to pay the taxes assessed, the collector may distrain the goods or chattels of such person or corporation. The name of VanDyke, Peabody & Co., without description, is a name distinct from George VanDyke. One is created by the partnership arrangement, and the other is the name of a natural person, and a warrant containing the name of one without addition confers no authority to proceed against the other. If the individual names were distinctly inserted, it might be otherwise, though this may be doubted.

A tax cannot legally be assessed against an individual member upon partnership property, but must be assessed against the firm as a distinct entity. Burroughs Tax. 225; *Stockwell* v. *Inhabitants of Brewer*, 59 Me. 286;—see, also, *Nichols* v. *Thomas*, 4 Mass. 232.

In Maine the statute is similar to our own, requiring the property to be taxed to the owner. "The owner," the court say, "is the partnership, and the fact that the plaintiff is the owner of a portion makes no difference; . . . his ownership is as a member of the firm." If the partnership property cannot be assessed to an individual member,—if the statute does not authorize that, but requires the assessment to be made in the firm name, and then further provides that in case of refusal the collector may distrain the property of such "person or corporation,"—by what process of reasoning, by what principle of strict construction, can the warrant be extended so as to authorize the forcible taking of the property of such individual member? In other words, if the statute cannot be said by intendment to authorize assessment to individual members, by what reasoning can the warrant be extended to the property of such individual members?

The principles which govern the indebtedness of a partnership do not apply here, as a tax is not a debt in any sense. In one case the liability is created by contract, and in the other only by a strict compliance with the statute. And even in the case of partnership indebtedness, the partners are only liable as principal for their proportionate share, and as surety for the balance. Parsons Part. 277.

*J. H. Dudley* (with whom were *Ladd & Fletcher*), for the defendant. An accidental misnomer of the party taxed, that can have done the plaintiff no injury, will not vitiate the tax. *Souhegan Factory* v. *McConihe*, 7 N. H. 309; *Society* v. *Mayor, &c.*, 116 Mass. 189. *People* v. *Whipple*, 47 Cal. 591, was decided under a special statute, and is not in point; and the doctrine laid down in Parsons on Partnership, to which attention is called, is upon the question of a partner's signing a name not that of the partnership; but it is there said, that in almost any case, "upon proof that the partnership was really the party in interest and under obligation, and that another style was used through inadvertence, the partnership would be held liable."

Was the property of VanDyke properly taken to pay the tax of Peabody, VanDyke & Co.? The individual property of each partner is liable for the debt of the partnership, and may be taken on execution the same as property of the partnership. Parsons Part. 61. A tax is in the nature of a final judgment, and the warrant is like an execution. *Sherwin* v. *Bugbee*, 16 Vt. 439, 446; *Sumner* v. *Pinney*, 31 Vt. 717; *Johnson* v. *Howard*, 41 Vt. 122. Indeed, some authorities go much farther, and hold a tax to be a debt to the town, in the strictest sense of the word. *Appleton* v. *Hopkins*, 5 Gray 530; *Hibbard* v. *Clark*, 56 N. H. 159; *Dunlap* v. *Gallatin Co.*, 15 Ill. 7. It follows that it may be collected from the property of either partner.

By *c.* 26, Laws of 1881, power is given towns to collect any tax

by a suit at law or bill in equity.   Is it reasonable to suppose that a town is by that statute put in a worse position to collect its public dues than an individual would be to  collect a private debt? Suppose after the invoice is made, but before the tax is assessed and  the warrant put into the collector's hands, a partnership is dissolved, the partnership property all disposed of, and the proceeds divided among the partners: would the town be deprived of its taxes when the partners were all in condition to pay?     Or, suppose a partnership had no property on which a distress could be made, or they refused to expose property : could not any one of the partners be arrested for the tax?    Taxes are preferred claims, and justly, for the necessities of the commonwealth are paramount to those of any individual; and therefore in proceedings in bankruptcy, and in settlement of estates of deceased persons, they are always paid, without regard to the claims of private individuals. It is unreasonable to hold that against a partnership the state does not stand as well as a private individual.   The cases cited by the plaintiff on this point are to the effect that partnership property should be taxed to the partnership, which nobody denies.    The paucity of authorities on the subject is due to the well recognized principle that in taxation, as in all other cases, the individual partner is liable for partnership indebtedness.

STANLEY, J.   The plaintiff Peabody, and some person or persons represented by the word " Co.," were joint owners of the property on which this tax was assessed.   For their own convenience they had established a copartnership between themselves, and assumed a style or appellation in which the name of Peabody stood first and that of the plaintiff second.   In assessing the tax, the selectmen placed the name of the plaintiff first and that of Peabody second, and those names appear in the same order in the list delivered to the collector with his warrant.   For this reason it is contended that the warrant gave the collector no authority to enforce payment of the tax against the owners of the property; that the case stands the same as though the collector had taken the property of A to satisfy a tax set down in his list to B.

This view cannot be sustained.   The individual names of the owners of the property were correctly given, so far as they appeared in the name assumed by the firm.    But for the partnership, the order in which the names of the joint owners were set down in the list was of no consequence.   But it is not necessary to inquire whether the existence of the partnership, having a firm name, made any difference in this respect, because the case shows that no one was in fact misled or injured by the change which the selectmen made in the name.   The plaintiff, and his associates, knew they had taxable property in Stewartstown ; and they also knew that this was the tax assessed upon it just as well as

they would have known had the name of Peabody stood before that of VanDyke in the firm name on the list, instead of after. Besides, the list itself made it plain that the property was taxed to its owners. Under the circumstances shown, we think the warrant must be held to be a good justification to the defendant to collect the tax from the owners of the property, although they held it as a partnership under the name of Peabody, VanDyke & Co.

The tax was collected by a distraint of the individual property of the plaintiff, who was a member of the firm, and one of the joint owners of the property upon which it was assessed; and it is claimed that this could not lawfully be done. A tax lawfully assessed is, in its nature and substance, a public debt established by judgment of law, and no reason is seen why such a debt resting upon a partnership should not bind the individual members of the firm in the same way, and to the same extent at least, as one created by contract.

*Judgment for the defendant.*

Doe, C. J., die not sit: the others concurred.