MOODY & CO. *v.* LUCIER & *a.*

Copartnership creditors have priority over a creditor of an individual copartner, in applying the partnership property to the payment of judgments, and the creditor of the individual copartner has priority over the

copartnership creditors in the application of the copartner's separate
estate, for a similar purpose.

Creditors, who have suits against a copartnership in which they have at-
tached the copartnership property, and who by amendment change them
from partnership suits to suits against one member of the firm, and
take judgment against him alone, will not, in satisfying the judgments,
be given priority over a creditor originally suing, and attaching the prop-
erty as the separate estate of the same member of the firm, although
their attachments were prior in time.

BILL IN EQUITY, for an accounting, and to establish priority of
attachment.

*C. W. Hoitt* and *A. F. Stevens*, for the plaintiffs.

*G. B. French* and *W. W. Bailey*, for the defendants.

ALLEN, J.   The defendant Lucier, being indebted to various
persons and firms, and having a trader's stock of goods with teams
and appliances used in his business, entered into a copartnership
with the defendant Chagnon.   He conveyed to Chagnon one third
interest in the goods and unpaid accounts, and Chagnon agreed to
pay one third part of Lucier's existing indebtedness and was to
have one third of the profits of the business thereafter, and Lucier
retained a lien on the goods for the payment of a third of the in-
debtedness.   The firm took possession of the goods and continued
the business a week, when it was discontinued and the partnership
dissolved by reason of the attachment of the goods by the defend-
ant Buxton, a deputy sheriff, upon several writs in favor of Snow
and others, creditors of Lucier, suing Lucier and Chagnon as co-
partners, and attaching the property as copartnership property.
Two days later, the plaintiffs, having a claim against Lucier alone,
caused all Lucier's interest in the same property to be attached.
The property was sold on application of the first attaching cred-
itors, under the statute, the plaintiffs not consenting.   The actions
were entered in court, and Snow, after a trial, recovered judgment
against the copartnership for the amount of his claim and costs.
Couch and Chandler each took judgment on default against the
partnership for the amount of their claims respectively and costs,
Lucier & Co.'s agent having first taken an assignment of the
claims at a discount.   Marshall Brothers, Stearns, and Barr &
Clapp discontinued their actions against Chagnon, and took judg-
ment against Lucier alone for the amount of their claims and
costs.   On these various judgments executions were issued, and
placed in the hands of the defendant Buxton, who paid and satis-
fied them from the money in his hands arising from the sale of the
goods, the creditors having given him a bond of indemnity, and the

plaintiffs objecting. The plaintiffs bring this bill in chancery, claiming priority in the attachment of the goods as Lucier's, an accounting, and satisfaction of their debt against Lucier.

The bill having been amended by making Marshall Brothers, Stearns, and Barr & Clapp defendants, they answered, that their claims were contracted by Lucier just before the formation of the partnership; that he at the time was insolvent; that the partnership was entered into for the purpose of delaying and defrauding his creditors, and the conveyance of his property to it was fraudulent and void; and that they had been induced to sue the copartnership, instead of Lucier alone, by reason of Chagnon's representations that the copartnership, having taken all the personal property of Lucier, had assumed and agreed to pay all Lucier's debts before contracted. To the sufficiency of the answer the plaintiffs excepted. Treating the exception as a demurrer to the answer, the facts alleged in it are to be taken as true.

The plaintiffs, by their attachment, acquired no lien on the property against the partnership creditors, who were not only first in the order of attachment, but whose claims must first be satisfied, partnership funds being first applied in payment of partnership debts, and the separate funds or estate of any copartner to his separate debts, without regard to the order of attachments. *Jarvis* v. *Brooks*, 27 N. H. 37.

The plaintiffs, having the first and only attachment on the separate estate of Lucier, had the right of priority in the lien acquired by attachment against creditors having a subsequent attachment, and against any attachment of partnership creditors upon the separate estate of Lucier. Marshall Brothers and the other defendants, who, by their amendment, discontinued their suits against Chagnon and elected to take judgment against Lucier alone, abandoned their partnership attachment, and sought to proceed against the property as the separate estate of Lucier. They did not, by their amendment, destroy the plaintiffs' right of priority in attachment upon the separate estate, nor postpone that right to the claims of subsequent attaching creditors, or of partnership creditors having a prior attachment on the same property. Having changed their actions by amendment from suits against a copartnership to those against an individual, and having treated the attached property as the separate estate of Lucier, the defendants attempted to substitute an attachment upon the separate estate in place of the lien acquired by attachment of the partnership estate, and postpone the plaintiffs' lien upon the separate estate to their own, which, though prior in time of attachment, could not be made superior by substitution. *Laighton* v. *Lord*, 29 N. H. 237, 257. The defendants, electing to proceed as separate creditors, abandoned their attachment as partnership creditors, and recognized the estate as the individual property of one copartner. They could take it only as subject to any existing valid attach-

ments upon it as separate estate. If the lien acquired by attachment of the property as partnership property survived and became a lien upon the property when treated as the separate estate of one copartner, as against him, it could not supplant the lien of the plaintiffs, who had pursued the property as separate estate from the beginning.

The decision in *Gay* v. *Johnson*, 32 N. H. 167, that the discharge of one defendant who was a copartner of the other, on a plea of infancy, did not dissolve the attachment, went on the ground that the debt on which judgment was taken against the remaining partner was still a copartnership debt entitled to be satisfied from the partnership property in preference to the separate estate of a copartner. The attachment was not upheld as one against the separate interest of the copartner against whom judgment was taken.

The conveyance by Lucier of the property to the copartnership and its formation being in fraud of Lucier's creditors, and as to them void, the defendants might have sued Lucier alone and attached the property as his. This they did not do. Having sued the copartnership and attached the property as belonging to it, they cannot by changing their demands, by amendment, to individual ones against Lucier, save their priority in attachment which was only the priority of partnership creditors.

If the defendants were misled into suing and attaching the property as partnership creditors by the misrepresentations of Chagnon that the copartnership would pay Lucier's indebtedness, the mistake was not one for which the plaintiffs were in fault, and the advantage which they acquired by avoiding the same mistake and attaching the property as the separate estate of Lucier cannot be lost by a correction of the defendants' mistake.

The defendant Buxton, having executions in favor of other defendants against Lucier alone, at his own risk and without legal authority undertook to satisfy them from the proceeds of property attached and sold as partnership property, and upon which the plaintiffs had an attachment as the separate property of Lucier. The plaintiffs recovering judgment in their suit and placing execution in the hands of Buxton, he would be liable for failing to satisfy it from funds in his hands arising from a sale of the property after satisfying any valid executions against the copartnership. *Benson* v. *Ela*, 35 N. H. 403.

The defendants, who took judgment against Lucier alone and whose executions were satisfied by Buxton, having come in, the rights of all parties can be equitably adjusted in this proceeding. It being conceded that the conveyance of the property to the copartnership and its formation were fraudulent and void as against Lucier's creditors, to the extent of satisfying those creditors' claims, the property must be treated as his. It not appearing that Chagnon has any property, and no partnership creditors appearing,

no accounting is necessary. The plaintiffs, having a valid attachment on the property as Lucier's, are entitled to be first paid, and the defendants Marshall Brothers, Stearns, and Barr & Clapp, having satisfied their executions from the fund arising from the sale of the attached property, are decreed to pay, in satisfaction of any judgment which the plaintiffs may recover, in the inverse order of their attachments, the amounts respectively received by them, not exceeding altogether the amount of the plaintiffs' judgment.

*Decree accordingly.*

CLARK, J., did not sit: the others concurred.