Rockingham,
Jan. 6, 1920.

### CHARLES BAILEY *v.* ARTHUR H. COOPER.

Under P. S., *c.* 56, s. 10, animals owned by a non-resident but in the custody of a member of a firm are properly taxed to the firm though such non-resident owner is also a partner.

The separate property of a partner is liable to distraint for taxes assessed on the firm's property.

Neither a slight misnomer nor an inaccurate description of the owner of property in a tax collector's notice of a distraint will invalidate the proceeding where it does not appear that the owner was prejudiced thereby or failed to understand therefrom that his property had been distrained.

A surviving partner is the representative of the firm for the purpose of receiving notice of a distraint for a tax assessed against the firm.

REPLEVIN, for 2,600 feet of boards. The defendant was the tax collector of Nottingham in 1914 and 1915. In the tax warrant committed to him in 1914 was a tax against Charles W. Bailey & Son, a firm composed of Charles W. Bailey and his son, the plaintiff in this action. They were residents of Hampstead, and as a firm were operating a lumber lot in Nottingham in the spring of 1914 and were using in their business several horses which were the property of Charles W. Bailey and which, being in the town of Nottingham on

the first day of April 1914, were there taxed to the firm. The son in behalf of the firm refused to pay the tax. The father died in August 1916. On August 21, 1917, the defendant to secure the payment of the tax on the horses distrained the lumber, afterwards replevied by the plaintiff; and on the same day sent a notice to "Charles Bailey & Son" that he had distrained the lumber "belonging to you, situate in the town of Nottingham, to enforce your taxes"·on the horses, and that he would sell the same on August 28, 1917, at 2 P.M., unless the taxes were paid before that time. This notice was received by the plaintiff before August 27, and on that date this action was brought. The lumber in question was the exclusive property of the plaintiff. The· questions of law arising upon the foregoing facts were transferred from the January term, 1919, of the superior court by *Sawyer*, J., without a ruling.

*Sleeper & Brown (Mr. Brown* orally), for the plaintiff.

*Snow, Snow & Cooper (Mr. Cooper* orally), for the defendant.·

WALKER, J. The horses were properly assessed to Charles W. Bailey & Son in whose care they were. That the firm had the care of them on the first day of April, 1914, appears from a reasonable interpretation of the facts reported. The fact that they were the individual property of one of the partners, who did not disclose his ownership, does not render the assessment to the firm illegal; for the statute (P. S., *c.* 56, *s.* 10) provides: "Animals liable to be taxed kept in any town . . . owned by a person not resident therein, shall be taxed in such town, to the owner or person having the care thereof, on the first day of April, whether such person be a resident in the town or not, and the consent of the person having such care to be taxed for the same, shall not be necessary, but he shall have a lien on such property for the amount of the tax paid by him." Argument is unnecessary in support of the defendant's claim that the assessment was legal.

The second position of the plaintiff is that the distraint of the lumber was illegal; but this is also without substantial merit. As the assessment of the tax upon the horses to Charles W. Bailey & Son in whose care they were was valid and binding upon the firm, although the property in fact belonged to the plaintiff, the argument that the levy upon the plaintiff's lumber is in effect an attempted appropriation of his property to pay the tax upon the property of another

person, disregards the legal rule or principle that his property was liable to be taken to satisfy the tax against the firm, of which he was a member. It was the duty of the firm to pay the tax on his horses, and his duty as a partner to see that it was paid. *VanDyke* v. *Carleton*, 61 N. H. 574, 579. Hence his lumber was liable to be taken in satisfaction of the tax on the firm property. P. S., c. 60, s. 10.

It is also urged by the plaintiff that the notice by the collector of his purpose to distrain the lumber was not addressed to Charles W. Bailey & Son, but to Charles Bailey & Son and that this error renders the notice void. But as it does not appear that the plaintiff was misled or that there was any other firm in the vicinity of the name of Charles Bailey & Son, this slight misnomer does not seem to be of material consequence. *VanDyke* v. *Carleton, supra.*

Nor is the misdescription of the lumber in the notice as "belonging to you," that is, to Charles Bailey & Son to whom the notice was addressed, a defect of which the plaintiff can complain in this suit. Whether the lumber belonged to the firm or to the plaintiff, a member of the firm, it was distrainable for the tax in question. In the absence of any suggestion that the plaintiff was prejudiced in any way by the inaccurate description of the title to the lumber, or that he did not understand it was his property the collector had seized, his claim on this point is so purely technical that it cannot be sustained.

It is further suggested that as the senior member of the firm died before the date of the notice, the notice was in effect addressed to no one, and was therefore ineffectual. But the plaintiff upon the death of the former partner became the surviving partner and was the sole representative of the firm with reference to existing partnership obligations (*Benson* v. *Ela*, 35 N. H. 402, 419), and for the purpose of receiving legal notice of the proposed enforcement of the tax assessed against the firm.

If other questions relating to the validity of the tax or of the distraint might be raised on the facts, it is unnecessary to consider them in the absence of any reference to them in the argument for the plaintiff.

*Judgment for the defendant.*

All concurred.