Rockingham, }
June 23, 1932. }

HAVERHILL TRUST COMPANY *v.* MAUDE B. BUCKLAND, *Adm'x & a.*

*Henry A. Shute* and *Hughes & Burns*, for the plaintiff.

*William H. Sleeper* and *John W. Perkins*, for the administratrix.

*Frederick J. Grady*, for the surviving partner.

PEASLEE, C. J. While there are procedural errors in this case, there are none which cannot be corrected on the record as it stands. The plaintiff, holding an undisputed claim against the partnership, brought suit against the surviving partner and the administratrix of the deceased partner. It should have been brought against the surviving partner as such, *Bailey* v. *Cooper*, 79 N. H. 323; and the administratrix's motion that the action be dismissed as to her should have been granted.

Apparently, this was in substance the course pursued. The plaintiff's counsel declared that he was pursuing the partnership only, and that "we don't care whether she comes in or not." The presiding justice said "the verdict will run against the partnership."

In order to perfect the record, an order should be entered granting the administratrix's motion to dismiss the action as to her, the writ should be amended to set Mills out as surviving partner, and judgment should be entered against him in that capacity.

*Case discharged.*

All concurred.

ON REHEARING. After the foregoing opinion was filed the plaintiff moved for a rehearing, upon the ground that it was entitled to a judgment "against the partnership" and alleging that the surviving partner is not financially responsible, while the administratrix has firm assets in her possession.

*Hughes & Burns* and *Henry A. Shute*, for the motion.

PEASLEE, C. J.   The plaintiff has misconceived the nature of the judgment ordered.   A judgment against X in his capacity as surviving partner of the firm of X & Y is a properly expressed judgment "against the partnership."   Such a judgment is conclusive evidence of the nature of the debt sued upon, and entitles the plaintiff, in the levy of execution, to take any partnership property, and to hold the same against any creditor of an individual partner.   *Benson* v. *Ela*, 35 N. H. 402.

"Where one of two partners dies, suits at law for partnership debts must be against the surviving partner alone; but in that case the partnership property still remains as a separate fund for the payment of the partnership debts."   *Gay* v. *Johnson*, 32 N. H. 167, 170.   See also *Moody* v. *Lucier*, 62 N. H. 584; *Weaver* v. *Weaver*, 46 N. H. 188; *Tenney* v. *Johnson*, 43 N. H. 144.

If, as seems to be alleged, the administratrix claims the property in her hands as that of her decedent, the issue raised cannot be settled by any alteration of the form of the present judgment.   It is the ordinary situation of property claimed by two.   If it is open to levy, the plaintiff can seize it, and must thereafter stand behind the sheriff in the administratrix's suit against him.   If it is not open to levy, the plaintiff may resort to the usual equity proceeding to reach concealed assets.   Other forms of relief may be available; but the fundamental factor, conclusively established by the judgment ordered, will remain constant.   The debt recovered upon is a partnership obligation. *Benson* v. *Ela, supra.*

*Former result affirmed.*

All concurred.