SULLIVAN.

## SUNAPEE *v.* LEMPSTER.

A person seventy years of age cannot lawfully be taxed for his poll; and
   an assessment of such a tax against one of that age does not meet the
   requirement of the statute as to gaining a settlement by being taxed for a
   poll, but is wholly inoperative and void.

ASSUMPSIT, for the support of one Hall, a pauper. Facts found
by a referee. Hall has no settlement in Sunapee, and none in any
town in this state unless he has one in Lempster. He was duly
assessed for his poll and some other property for six years next
preceding 1859, and for all those years he paid all taxes thus
assessed upon him. In the year 1859 he was assessed for his poll
and some other property, and his taxes were committed to the
collector, but before they were paid it was ascertained that he was
over seventy years of age before he was taxed for that year, and
the collector, being notified of that fact, when Hall came to pay
his taxes, received $3.21, and gave Hall a receipt "in full for the
taxes assessed against him for the year 1859." The remainder of
the tax, being the amount of poll tax, was afterwards abated.

*Ira Colby*, for the plaintiff.

*A. S. Wait*, for the defendant.

FOSTER, J. "Any person of the age of twenty-one years, who
shall have resided in any town in this state, and, being taxed for
his poll for seven years in succession, shall have paid all taxes
legally assessed on his poll or estate during said term, shall thereby
gain a settlement in such town." G. S., *c.* 73, *s.* 1.
    "Every person seventy years of age is exempted by law from
the payment of a poll tax." G. S., *c.* 49, *s.* 1.
    It is a well settled rule, that no tax shall be considered as im-
posed by law, in the absence of a manifest declaration of the intent
of the legislature to impose it. *Dock Co.* v. *Browne*, 2 B. & Ad.
43; Pott. Dwarris 175, 185, 255, 256.
    In our own statutes the legislative intention is unequivocal, that
no person seventy years of age shall be taxed for his poll. The
taxation of Daniel Hall for his poll in 1859 was therefore without
authority and void. The statute in question, concerning the 9th
method of gaining a settlement, has always received a very strict
construction. See *Weare* v. *New Boston*, 3 N. H. 203; *Burton* v.
*Wakefield*, 4 N. H. 47; *Henniker* v. *Weare*, 9 N. H. 573; *Tam-
worth* v. *Freedom*, 17 N. H. 279.

Where authority to levy a tax exists, a settlement by force of taxation and payment of taxes may undoubtedly be acquired notwithstanding, and may not be avoided by reason of a mere informality, or even a clear illegality, in the method of assessment or collection of such lawful tax; because, the tax and the taxation being provided by law, the requisitions for gaining a settlement under the statute are all complied with by payment, not necessarily of *the* tax assessed, but by payment of all taxes *legally* assessed.

But a taxation not provided, and in fact prohibited, by law is no taxation,—is a purely void act, can confer no authority, impose no obligation, and afford no foundation for anything whatever. Taking these two statutes together,—c. 49, s. 1, relating to poll taxation, and c. 73, s. 1, cl. IX, relating to the settlement of paupers,— no doubt can be entertained as to the intention of the legislature and the legal construction required to be given to the law.

When the legislature provided for the taxation of polls from twenty-one to seventy years of age only, and also made it one condition of gaining a settlement that the person *shall be taxed* for his poll seven years in succession, they made it impossible that a settlement should be acquired in the ninth mode provided by the statute, by any person who by reason of having attained seventy years of age *could not be* legally taxed. Applying these views to the facts reported by the referee, it is manifest that the pauper' never acquired a legal settlement in Lempster, and there must be

*Judgment for the defendant.*