BOODY & a. v. WATSON & a.

The statute authorizing towns to exempt manufacturing property from
taxation for a term not exceeding ten years does not confer authority
to exempt the same property for a second period of ten years.

PETITION FOR MANDAMUS, requiring the selectmen of North-
wood to assess a tax upon the shoe manufacturing property of
Pillsbury Brothers for the year 1884. Facts agreed for the judg-
ment of the court. June 21, 1873, the town voted as follows:
"*Resolved*, That we exempt from taxation any shoe manufactory
or any other manufactory that has been or may be established in
this town, for the term of ten years, provided there shall be invest-
ed in such manufacturing business at least ten thousand dollars, and
is established prior to January first, 1875."

For a period of ten years following this vote the establishment
and capital of the Pillsbury Brothers were not taxed. September
23, 1882, the following vote was passed: " The town will exempt
from taxation any shoe manufacturing establishment and the capi-
tal used in operating the same, for the term of ten years, which has
been or may be established in said town, or any other manufactur-
ing establishment that has been or may be established, provided
there shall be invested in any such manufacturing business at least
ten thousand dollars, and may be established prior to January 1st,
1884." Under this vote the selectmen omitted to assess a tax
upon the property in question in April, 1884; and it is to compel
the assessment of such tax that this proceeding is brought.

*Marston & Eastman*, for the plaintiffs.

*Bingham & Mitchell*, for the defendants.

BLODGETT, J. " Towns may, by vote, exempt from taxation, for
a term not exceeding ten years, any establishment therein, or pro-
posed to be erected or put in operation therein, and the capital
used in operating the same, for the manufacture of fabrics of cot-
ton, wool, wood, iron, or any other material; and such vote shall
be a contract binding for the term specified therein." G. L., c.
53, s. 10. Under the authority thus delegated, the town of North-
wood, at a legal meeting held in 1882, and in accordance with an
article in the warrant therefor, passed a vote exempting certain
manufacturing property for a second term of ten years, and, by vir-
tue of that vote, the defendants, as selectmen and assessors of the
town, omitted to assess the property for purposes of taxation in the
annual assessment for 1884.

Waiving the question of the sufficiency of the vote by reason
of its general terms *( Cox Needle Co.* v. *Gilford*, 62 N. H. ——,

1883), the case is reduced to the single point of the authority of the town to grant further immunity from taxation to property which had already received the benefit of a ten years exemption. This point is neither difficult nor doubtful. The statute exemption in each case is limited to ten years. *Opinion of the Justices*, 58 N. H. 623. The language of the statute strongly supports this conclusion, and so does the uniform current of authority, that taxation being the rule and exemption the exception, the exemption is to be strictly construed, and will never be permitted to extend, either in scope or duration, beyond what its terms clearly require. *Academy* v. *Exeter*, 58 N. H. 306, 307, and cases cited; *People* v. *Davenport*, 91 N. Y. 574, 575; *Washburn College* v. *Commissioners*, 8 Kan. 344; *Commissioners* v. *Brackenridge*, 12 Kan. 114; *State* v. *Bank of Smyrna*, 2 Houst. (Del.) 99; *Bailey* v. *Magwire*, 22 Wall. 215, 226; *Tucker* v. *Ferguson*, 22 Wall. 527, 528, 575. But irrespective of these considerations, and without regard to the obvious applicability of the maxim, *Expressio unius est exclusio alterius*, it cannot reasonably be supposed that the legislature would have fixed a definite period of exemption if their purpose was to enable towns to make it practically perpetual by renewal and extension. In fact, there is no legitimate point of view which does not lead to the conclusion that the right of towns to vote exemptions is applicable to temporary exemptions only, and for a period not exceeding ten years in all.

The second exemption by Northwood, not being within the terms or the meaning of the statute, nor within the apparent scope of its powers as a town, was a mere nullity, under which no rights could be acquired; and as the vote conferring the exemption is the only justification set up by the defendants for their neglect to assess the property embraced in it, no legal defence whatever is made.

*Petition granted.*

CLARK, J., did not sit: the others concurred.