KIMBALL CARRIAGE CO. *v.* MANCHESTER.

A town or city cannot, under the statute, exempt from taxation property not employed in manufactures.

PETITION, for the abatement of taxes. Facts found by the court.

*Oliver E. Branch*, for the plaintiffs.

*Edwin F. Jones*, for the defendants.

WALLACE, J.    April 1, 1890, the city of Manchester passed the following vote: "Resolved by the mayor, aldermen, and common council of the city of Manchester, in council assembled, as follows: Whereas, the Kimball Carriage Company, a corporation duly established by law, with a capital of $30,000, desire to locate their factory and carry on their business in the city of Manchester, providing sufficient inducements are given them by the city government—Resolved, that if the Kimball Carriage Company will locate and establish their business in this city, the factory and real estate in which the same is located, and the machinery therein and other property necessary in conducting said business, shall be exempt from all taxation for a period of ten years from April 1, 1890." Thereupon, and in consideration of the passage of the resolution of exemption, the Kimball Carriage Company, a corporation whose business is "manufacturing, repairing, and dealing in carriages, sleighs, harnesses, robes, and stable furnishings," established and have since carried on their business in the city of Manchester. They do a manufacturing business, and a commercial business in buying and selling carriages and other goods which they do not manufacture. The city of Manchester, in 1891, assessed a tax on the stock of carriages and other goods which the company purchased and did not manufacture. The plaintiffs ask for an abatement of this tax.

The question is, whether goods kept for sale by the plaintiffs, which they purchased and did not manufacture, are exempt from taxation under the vote of the city. This raises the inquiry whether cities have the power to exempt from taxation any property not employed in some kind of manufacturing. The statute provides that "Towns may by vote exempt from taxation, for a term not exceeding ten years, any establishment therein or proposed to be erected or put in operation therein, and the capital used in operating the same, for the manufacture of fabrics of cotton, wool, wood, iron, or any other material; and such vote shall be a contract binding for the term specified therein." G. L., *c.* 53, *s.* 10.

"The title of the original act (Laws 1860, *c.* 2361) was, 'An act to encourage manufactures.' The general purpose of the law was, to increase employments, means of support and profit, home markets, business, and population by the extension of manufacturing industry, upon which the general prosperity of the state is so largely dependent." Opinion of the Justices, 58 N. H. 623. The language of the statute, authorizing exemption from taxation of "any establishment" and "the capital used in operating the same, for the manufacture of fabrics of cotton, wool, wood, iron, or any other material," limits the power of exemption from taxation to establishments and capital used in the manufacture of fabrics of some kind. This construction gives full effect to every word of the statute, and makes manufacturing the test of exemption. A statutory exemption from taxation is strictly construed. It will never be extended in scope or duration beyond what the language of the statute clearly requires. *Souhegan Factory* v. *McConihe*, 7 N. H. 309; *Phillips Exeter Academy* v. *Exeter*, 58 N. H. 306; *Boody* v. *Watson*, 63 N. H. 320.

It is immaterial whether the vote was broad enough to cover the plaintiffs' stock in trade, because the city had no power to exempt from taxation any property not engaged in manufactures.

*Petition dismissed.*

CLARK, J., did not sit: the others concurred.