Coös,
Feb. 4, 1908.

## LANCASTER v. Coös COUNTY.

To gain a pauper settlement under clause 9, section 1, chapter 83, Public Statues, residence in the town for the prescribed period, taxation of the poll for the specified term, and payment of taxes legally assessed during the term are essential; and the acquisition of such settlement is prevented by a failure to comply with the statutory requirements in any particular.

In an action to determine the liability of a town for the support of certain paupers, evidence of any facts prior to ten years preceding the date of application for support is immaterial.

ASSUMPSIT, for aid furnished to certain paupers from April 2 to June 1, 1907. Transferred from the September term, 1907, of the superior court by *Pike*, J.

For ten years prior to April 1, 1904, Fred Louden resided in Lancaster and paid all poll taxes assessed against him. He moved to Berlin some time in the early part of 1904, and his taxes were abated in Lancaster for that year. In September, 1905, he returned to Lancaster. He died in 1906. Upon the foregoing agreed facts, it was ruled that the paupers, who are Louden's widow and minor children, had no settlement in Lancaster and were a charge upon the county. To this ruling the defendants excepted.

*Bernard Jacobs*, for the plaintiffs.

*J. Howard Wight*, solicitor, for the defendants.

PARSONS, C. J. "No town shall be liable for the support of any person unless he, or the person under whom he derives his settlement, shall have wholly gained a settlement therein during the ten years preceding the last date of application for support." Laws 1903, c. 106, s. 1; Laws 1897, c. 31, s. 1. The paupers derived their settlement, if any, from Fred Louden, the husband and father. P. S., c. 83, s. 1, cl. I, II. His settlement, if any, was gained under the ninth clause of section 1, chapter 83, Public Statutes. To gain a settlement in this mode, residence in the town for seven years, taxation of the poll for seven successive years, and payment of all taxes legally assessed during the term are required. Residence, taxation of the poll for the specified term, and payment are all essential. Failure to comply with the statute in either particular will prevent a settlement.

*Warren* v. *Wentworth,* 45 N. H. 564; *Bradford* v. *Newport,* 42 N. H. 338; *Berlin* v. *Gorham,* 34 N. H. 266; *Springfield* v. *Enfield,* 30 N. H. 71, 75, 76; *Tamworth* v. *Freedom,* 17 N. H. 279; *Henniker* v. *Weare,* 9 N. H. 573; *Burton* v. *Wakefield,* 4 N. H. 47; *Weare* v. *New Boston,* 3 N. H. 203.

As the settlement must have been wholly gained within ten years preceding the application for support, evidence of any facts prior to the same date ten years before—April 2, 1897—is immaterial. The case stands precisely as if the person whose settlement is claimed to have been acquired came into the town for the first time on April 2, 1897. *Andover* v. *County,* 37 N. H. 437, 440; *Andover* v. *County,* 46 N. H. 180.

Whether Louden gave up his residence in Lancaster so early in 1904 that he did not reside there seven years after April 1, 1897, is not clear from the statement that he "moved to Berlin some time in the early part of 1904." If he abandoned his residence in Lancaster prior to April 1, 1904, neither residence nor legal taxation of his poll for seven years in succession is shown. If he did not leave until after April 1, his failure to pay the tax of 1904 is sufficient to prevent his gaining a settlement within the prescribed time. His payment of the tax of 1897 is immaterial, since that tax was imposed on April 1, more than ten years before the application for aid. Taxation on that day is no more material than his residence in Lancaster on the same day, on which ground only could the tax have been assessed against him. P. S., *c.* 57, *s.* 1. In the absence of any suggestion of error by brief or argument in behalf of the county, no ground is perceived upon which to question the ruling of the superior court.

*Exception overruled.*

All concurred.