Merrimack,  }
June 6, 1916. }

## BOSTON & MAINE RAILROAD *v.* CONCORD.

Taxes cannot be assessed by towns or cities except by authority of the legislature, and the burden is upon a municipality to show legislative authority for the assessment of a tax.

The state has always retained the power to tax railroad property, and never has delegated that power to towns or cities, except in the case of real estate not used in the ordinary business of the road.

Towns and cities have no power to assess taxes upon the personal property of railroads.

PETITION, for the abatement of taxes assessed by the defendants upon certain personal property of the plaintiffs for the year 1913. The facts were found by the tax commission on reference by the superior court, and are sufficiently stated in the opinion. Transferred without a ruling from the April term, 1915, of the superior court by *Chamberlin*, J.

*Branch & Branch* (*Frederick W. Branch* orally), for the plaintiffs.

*Alexander Murchie* (by brief and orally), for the defendants.

PLUMMER, J. The plaintiffs are seeking an abatement of the taxes assessed by the defendants in 1913 upon certain of their personal property in their railroad repair shops at Concord. The primary ground upon which the plaintiffs rely in support of their petition is that the defendants have no authority under the law to levy such taxes. The first statute in the state relating especially to the taxation of railroads, appears in the Revised Statutes of 1842, and is as follows: "Every railroad corporation shall pay to the treasurer of the state on or before the second Wednesday of June annually, one per cent on the value, on the first day of January preceding, of that part of its capital stock expended within this state, to be determined by the certificate of the justices of the superior court." R. S., *c.* 39, *s.* 4.

Since that time, although there have been changes in the statutes in reference to railroad taxation, the state has always retained the power to tax railroad property, and never has delegated to towns or cities such power, except in the case of real estate not used in the ordinary business of the road. Laws 1843, *c.* 34; C. S., *c.* 41; G. S.,

c. 57; G. L., c. 62; Laws 1878, c. 70; Laws 1881, c. 53; P. S., c. 64; Laws 1909, c. 66; Laws 1911, c. 169.

Section 6, chapter 55 of the Public Statutes provides that "the real estate of railroad, telegraph, and telephone corporations and companies, not used in their ordinary business, shall be appraised and taxed by the authorities of the towns in which it is situated." Similar provisions in relation to the taxation of the real estate of railroads not used in the ordinary business of the road, appear in the statutes of the state since 1844. Laws 1844, c. 141; C. S., c. 41, s. 2; G. S., c. 49, s. 4; G. L., c. 53, s. 5.

To make it still more certain that the personal property of railroads was only to be taxed by the state, the commissioners on revision of statutes in 1867 incorporated the following provision in their report: "Railroads, and the stock therein, shall be taxed only in the mode specially prescribed therefor, except for real estate, as provided in section four of this chapter." Comm'rs' Rep. 1867, c. 50, s. 8. This section was adopted by the legislature (G. S., c. 49, s. 8), and remained in force in substance until the establishment of the tax commission in 1911. G. L., c. 53, s. 9; P. S., c. 64, s. 12. Previous to the enactment of this statute the legislature must have intended that no tax could be assessed except in the mode prescribed by law, and the language can be ascribed only to an excess of caution in the effort to avoid possible conflict between the taxing officers.

Under the statutes in force prior to 1911 there can be no question but that the state had exclusive authority and power to levy taxes upon railroad property except in case of real estate not used in the ordinary business of the railroad. The language of the statutes made it perfectly clear that towns and cities were not to tax personal property of railroads, and the law was so understood and administered by the taxation authorities in the state.

It is the claim of the defendants that chapter 169, Laws of 1911, gives them authority to levy the tax in dispute. Section 8 of that statute imposes upon the state tax commission the duty, and gives them the power and authority to assess the taxes upon railroads and other public service corporations, and the only exception is that contained in section 24, of real estate not used in the ordinary business of the railroad. This indicates that it was the intention of the legislature to continue the long established method of the state in assessing taxes upon railroads, and that the power and authority to levy such taxes except as to real estate above men-

tioned, was to be retained by the state, and not delegated to the towns and cities. The wording of section 8 is significant. "It shall be the duty of the commission, and it shall have power and authority . . . to assess the taxes upon railroad . . . companies." The commission is not simply to assess taxes, but is to assess *the* taxes. This language given its ordinary meaning signifies all the taxes, and the sole exception is that in section 24. If it had been the intention of the legislature to enact a law that would give to towns and cities the power to assess taxes upon the personal property of railroads, which would have been a decided change from the law previously in force in the state, it is obvious that apt and unmistakable language would have been used to effect that purpose. The absence of such language in the statutes is strong evidence that it was not the legislative intent to make such a change. There being no manifest and distinct declaration in the statute giving towns and cities authority to impose taxes upon the personal property of railroads, such taxes cannot be so imposed. *Sunapee* v. *Lempster*, 65 N. H. 655.

It appears that the personal property assessed by the defendants was not included by the tax commission in the general railroad valuation for 1913. Whether it should have been included is a question not considered, and as to which no opinion is expressed.

Several cases have been cited by the defendants in which exemptions from taxation were sought. In those cases it was held that the burden is upon one claiming an exemption to show that he is entitled to it by language open to no other conclusion. *State* v. *Savings Bank*, 71 N. H. 535, 537; *Phillips Exeter Academy* v. *Exeter*, 58 N. H. 306; *Boody* v. *Watson*, 63 N. H. 320; *Williams* v. *Park*, 72 N. H. 305. There is no question as to the soundness of the law laid down in these cases. But in the instant case we are confronted with a different situation. Here no exemption is claimed by the plaintiffs, but their position is that the defendants had no power or authority under the statutes to levy the tax.

Taxes cannot be assessed except by authority of the legislature. *Canaan* v. *District*, 74 N. H. 517, 541; *Boody* v. *Watson*, 64 N. H. 162, 195. It is, therefore, incumbent upon the defendants to show legislative authority for the assessment of the tax.

The inclusion of the repeal of section 12, chapter 64 of the Public Statutes, providing that railroads should be taxed only in the mode specially prescribed, etc., in the general repeal of all existing provisions for the taxation of railroads in 1911, is without significance;

as previously suggested it was merely a declaration of existing law. Its enactment took no power of taxation from towns, and its repeal gave them none.  If useful when enacted, there was no occasion longer to cumber the statutes with the statement of a principle thoroughly understood and acted upon for more than fifty years. Section 24 of the tax commission statute furnishes the most persuasive and convincing evidence that it was not the intention of the legislature to delegate to towns and cities the power to tax personal property of railroads not used in their ordinary business. This section provides that "real estate of any railroad . . . not used in its ordinary business shall be appraised and taxed by the authorities of the towns and cities in which it is situated, as provided by existing laws."  If it had been the legislative purpose to give towns and cities this power of taxation, such purpose would have been clearly indicated by adding after real estate in the first line of this section the words "and personal property."  The omission of these words leaves this provision of the statute substantially the same as it was before the enactment of the tax commission law, and leads us to the conclusion that the taxes upon the personal property of railroads are to be assessed exclusively by the state taxing authorities, the same as they always have been.  If a radical change in the method of railroad taxation had been intended, it seems very improbable that the words making such change clear and definite would have been left out of the statute.  The assessment of the tax in question was invalid.

*Petition granted.*

All concurred.