Belknap, }
June 5, 1917. }

### TILTON *v.* CONCORD.

In an action against a town to recover for the support of paupers, evidence of any facts prior to ten years preceding the last date of application for support is inadmissible under Laws 1903, *c.* 106, and each item of pauper support legally furnished is presumed to have been furnished upon an application then made.

ASSUMPSIT, for aid furnished paupers. The paupers are the widow and minor children of one Moses Ayotte who acquired a settlement in Concord by the payment of poll taxes for the years 1906 to 1912 inclusive. In 1912 or 1913 Moses removed to Laconia where he died February 22, 1914. His widow and children shortly thereafter moved to Tilton where July 1, 1914, they applied to the overseers of the poor of Tilton for aid, which has since been continuously furnished them. The city of Concord reimbursed Tilton for all sums expended for the paupers up to April 1, 1916, and then refused further payment. The action is to recover for sums expended in support of the paupers between June 19 and September 19, 1916, of which due notice was given the defendant.

Transferred upon an agreed statement of facts by *Kivel*, J., from the October term, 1916, of the superior court.

*Fletcher Hale*, for the plaintiff.

*Hollis & Murchie* (*Mr. Alexander Murchie* orally), for the defendant.

Parsons, C. J.　"No town shall be liable for the support of any person unless he, or the person under whom he derives his settlement, shall have wholly gained a settlement therein during the ten years preceding the last date of application for support." Laws 1903, c. 106. The paupers had no settlement except that derived through the husband and father, Moses Ayotte. It is conceded his settlement in Concord was not wholly gained during the ten years preceding the time when the support sued for was furnished. The paupers, therefore, at the time the aid was furnished, had no settlement in Concord and were county charges. *Lancaster* v. *County*, 74 N. H. 439; P. S., c. 84, s. 1. July 1, 1914, they applied for aid which has since then been continuously furnished them. The plaintiff argues that July 1, 1914, was the last date of application for aid and that the true construction of the statute is that the city of Concord, being then liable to support the paupers, continues liable as long as support is furnished under such application. But the fact stated is that the application, July 1, 1914, was the first, not the last application for aid. April 1, 1916, Concord denied further liability. If the paupers thereafter made formal application for the assistance subsequently furnished between June 19 and September 19, the defendant is not liable upon the plaintiff's construction of the statute. It was the duty of the overseers of the poor of Tilton to relieve and maintain all persons in the town unable to support themselves. P. S., c. 84, s. 1. No special request was required if assistance was necessary. *Rumney* v. *Keyes*, 7 N. H. 571, 577. "Where relief is actually furnished a person in distress, it is presumed to be done at the request of him who had it, and no special request or application need be shown." *Moultonborough* v. *Tuftonborough*, 43 N. H. 316, 320. That the supplies furnished in the summer of 1916 were furnished in good faith because then requested or applied for or because the situation at the time implied such request or application, was the foundation of the plaintiff's case. *Moultonborough* v. *Tuftonborough, supra*. As to

the necessity for the aid and the good faith of the town officials no facts are agreed. If it is assumed the aid was furnished in good faith because then needed and expressly or impliedly applied for, there can be no recovery because at the date of the application the. paupers had no settlement in Concord. If the facts are otherwise and the aid was furnished because applied for two years before without existing necessity, there could be no recovery even if the recipients had a settlement in Concord. Each item of pauper support legally furnished is presumed to be furnished upon application then made.

*Judgment for the defendant.*

All concurred.