Rockingham, }
Jan. 4, 1921. }

### BOSTON & MAINE RAILROAD *v.* PORTSMOUTH.

An electric power plant owned by a railroad and used for the operation of its street railway is not real estate used in its ordinary business within the meaning of Laws 1911, *c.* 169, *s.* 24, and hence is taxable by the town wherein the plant is situated.

APPEAL, by the Boston and Maine Railroad from the refusal of the city of Portsmouth to abate a tax assessed by said city on the Nobles Island power plant, so called, for the year 1919, which was paid by the plaintiff, under protest, July 15, 1919. Upon a hearing, the facts were agreed to.

The property in question consists of land and buildings situated in

Portsmouth, built, owned and operated by the Boston and Maine Railroad in connection with the Portsmouth Electric Railway, which is owned and operated by the Boston and Maine Railroad in the city of Portsmouth and the towns of Rye and North Hampton. On April 1, 1919, as for many years previously, the property taxed was operated by the Boston and Maine Railroad for the production of the electric power with which it operated the Portsmouth Electric Railway.

The railroad duly petitioned the public service commission of the state for the exemption of the Portsmouth Electric Railway from taxation for the year 1919 under the provisions of chapter 139, Laws of 1919. The public service commission after a hearing upon the petition made and transmitted to the state tax commission a certificate showing that under the above statute the said railway was entitled to such exemption. Consequently, the state tax commission assessed no taxes upon said railway for the year 1919. The railroad complied with all the provisions of the laws of the state relative to the taxation of its property for the year 1919.

On these facts the court ruled (1) that said power plant was property and estate owned or operated by the Portsmouth Electric Railway in its ordinary business as a street railway, and therefore exempt from taxation by virtue of the certification of the public service commission to the state tax commission, dated July 15, 1919, under authority of chapter 139, Laws of 1919, (2) that said power plant was property and estate of the Portsmouth Electric Railway used in its ordinary business which would not be exempt from taxation if owned by a natural person or ordinary business corporation, and therefore taxable by the state under Laws of 1911, chapter 169, section 11, and not taxable by local authorities under section 24 of this same statute.

To these rulings the defendant excepted. Transferred from the January term, 1920, of the superior court, by *Sawyer*, J.

*Snow, Snow & Cooper (Mr. Conrad E. Snow* orally), for the plaintiff.

*Jeremy R. Waldron* and *Ernest L. Guptill (Mr. Waldron* orally), for the defendant.

PLUMMER, J. The facts in this case are like those in *Boston & Maine R. R.* v. *Franklin*, 76 N. H. 459, in which the court in a well considered opinion held that a power plant owned by the Boston & Maine Railroad, and used by it to generate electricity to operate its

electric railway and to light its car shops and buildings was not real estate used in its ordinary business, and was, therefore, taxable in the town where the real estate was situated.    P. S., *c.* 55, *s.* 6.    Since this tax was levied the law relating to the taxation of railroads has been revised, and section 6, chapter 55 of the Public Statutes now appears in the revision as Laws 1911, chapter 169, section 24; which reads as follows: "The real estate of any railroad . . . not used in its ordinary business shall be appraised and taxed by the authorities of the towns and cities in which it is situated, as provided by existing laws."

It will be seen that the law respecting the taxation of the real estate of railroads not used in their ordinary business has not been changed, and, therefore, the decision in *Boston & Maine R. R.* v. *Franklin, supra,* is as controlling as it was previous to the revision of 1911. The plaintiff contends that the case of *Boston & Maine Railroad* v. *Concord,* 78 N. H. 463 is decisive of the present case, and that because it was held in that action that materials and supplies of the plaintiff used in building and repairing equipment were used by it in its ordinary business, and were taxable by the state under Laws 1911, chapter 169, section 11, it cannot be held in the case at bar that the power plant of the plaintiff was not used in its ordinary business.    In other words that the same construction must be placed upon the words "ordinary business" as used in section 24 as was given them in section 11 in the Concord case.    In that case, cogent and sufficient reasons are fully and carefully set forth for the construction there placed upon the term "ordinary business" as used in section 11.    It had already been held in *Boston & Maine Railroad* v. *Concord,* 78 N. H. 192, that the property in controversy could not be taxed by the city of Concord.    Accordingly if it were held that the property was not used in the ordinary business of the railroad, within the meaning of section 11, it would escape taxation, although it would be taxable if owned by an individual or ordinary business corporation. The court stated that "it is fair to assume that the legislature did not intend when it enacted that section to put railroads in a better position, in so far as taxation is concerned, than individuals and ordinary business corporations, but that is the effect of *s.* 11 if the term 'ordinary business' is given its ordinary meaning.    It is true there is a presumption that that is the sense in which the legislature used that term but it is a presumption of fact, not law; consequently it may be rebutted by competent evidence; and the fact that, if that term is given its ordinary meaning in *s.* 11, the personal property railroads use only mediately in the transportation business escapes taxation, not-

withstanding it would be taxable if owned by an individual, tends very strongly to the conclusion that was not the sense in which the legislature used the term in that section." To effectuate the apparent purpose of the legislature the court held that the term "ordinary business" as used in section 11 includes any business railroads ordinarily carry on in connection with the transportation business, and that the property in question was properly taxable by the state. But there is no intimation in this opinion that the decision in the Franklin case is not sound. On the contrary it is distinctly approved. And, as already pointed out, the revision of the railroad taxation law in 1911 does not affect it as an authority in the present case.

If the contention of the plaintiff is correct that the phrase "ordinary business" as used in section 24, chapter 169 of the Laws of 1911 should be construed as meaning any business which the railroad commonly carry on, then section 24 is meaningless, for all real estate a railroad owns is used either mediately or immediately in its business. For example, if a railroad owns real estate which it is accustomed to lease either to its employees or others, it is engaged in the real estate business. The same is true, if it is accustomed to buy and sell land for a profit; consequently land held in that way is land used in its ordinary business within the meaning of Laws 1911, chapter 169, section 11. It is obvious, therefore, that if the legislature used the term "ordinary business" in section 24 in the same sense in which it is used in section 11, section 24 has no office to perform, for a railroad neither has nor can have any land which is taxable under it. It is probable, therefore, that by "ordinary business" as used in section 24 is intended real estate not used immediately in the transportation business, and that the legislature used it in that section in the sense in which it was held to have used it in Public Statutes, chapter 55, section 6. *Boston & Maine R. R.* v. *Franklin, supra.*

As the plaintiff's power plant was not used by it in its ordinary business, it follows that the assessment made by the city of Portsmouth upon it is valid. Laws 1911, *c.* 169, *s.* 24.

*Exceptions sustained: appeal dismissed.*

All concurred.