SULLIVAN COUNTY *v.* LEMPSTER.

*John H. Leahy*, solicitor (by brief and orally), for the plaintiff.

*Barton & Shulins* (*Mr. Kenneth D. Andler* orally), for the defendant.

PEASLEE, C. J.   By the act for aiding aged dependents (Laws 1931, c. 165) the prescribed aid is to be furnished by the county, with reimbursement to be made by the city or town "legally chargeable for such assistance rendered."   While in a strict sense this language calls for reimbursement only when a city or town is by some law made chargeable for the aid, its evident meaning is that the city or town where the dependent has a settlement is liable.   The town does not oppose this construction, nor does it claim that the conditions to be fulfilled before aid may be given have not been met.   The defence is that the dependent has acquired no settlement in the town.

Before 1923 one method of gaining a settlement in a town was by residence and payment of taxes for seven successive years.   P. S., c. 83, *s.* 1, *par.* IX; Laws 1903, c. 110; Laws 1911, c. 172.   If the pauper was not taxed, even if he might be, the requirement was not fulfilled. "Selectmen have a right to omit to tax a person for his poll, in order

to avoid his gaining a settlement." *Pittsfield* v. *Barnstead*, 38 N. H. 115, 119. "Residence in the town for seven years, taxation of the poll for seven successive years, and payment of all taxes legally assessed during the term are required." *Lancaster* v. *County*, 74 N. H. 439. The pauper's age beyond that when his poll might be taxed made no exception. *Sunapee* v. *Lempster*, 65 N. H. 655.

In 1923 the existing legislation was amended. The statute amended (Laws 1911, c. 172, s. 1) read in part as follows: "Any ... [adult] who shall have resided in any town in this state, and being taxed for his poll for seven years in succession, shall have paid all taxes legally assessed on his poll during that term, and any maiden woman of the age of twenty-one years who shall have resided in any town in this state seven years in succession, shall have paid all taxes legally assessed during that term, or four years on any real estate, shall thereby gain a settlement in such town."

The amending law (Laws 1923, c. 110, s. 1) is this: "Any ... [adult] who shall have resided in any town in this state seven years within the last ten years, shall have paid all taxes legally assessed on his poll for seven years or on real estate or personal property for four years during the last ten years, shall thereby gain a settlement in such town."

The change in the law covers three points. It gives to unmarried women of age the same standing as male adults, presumably because of the right to vote given women and their duty to pay a poll tax as established by Laws 1919 ex., cc. 3 and 4. It substitutes a test of seven out of ten years for one of seven successive years in respect to residence and payment of a poll tax. And it does away with the need of taxation.

This law was reënacted in the Public Laws without change except in requiring that poll taxes shall be paid when assessed seven years in succession and property taxes four years in succession. P. L., c. 105, s. 1, par. IX.

Therefore, since 1923 only payment of taxes legally assessed has been required. The change of language from that of the former statute is a material one. The requirement of "being taxed" is omitted, and the result is to make it sufficient if taxes "legally assessed" are paid. To hold otherwise, by saying that the change in language did not indicate a purpose to dispense with the need of being taxed, would disregard the plain meaning of the change.

The present law increases the burden on cities and towns and lessens that on counties. Such a result must follow from its language, con-

strued with reference to the law which it altered. Possibly it led to more serious hardship on the cities and towns than was contemplated.

They now have no legal method of preventing a pauper's acquisition of a settlement by seven years of residence. By a law enacted in 1719 (2 N. H. Laws, 343, 344) and reënacted in 1797 (6 N. H. Laws, 468) an unsettled pauper might be warned to depart, and procedure for refusal or neglect to heed the warning was provided. This law was in force until its repeal in 1825. Laws 1825, c. 15. But from 1796 until 1923 a settlement could not be acquired by residence unless there was also payment of taxes; and the discretionary authority of assessors not to tax a pauper for his poll afforded a means of preventing the settlement. *Weare* v. *New Boston*, 3 N. H. 203; *Burton* v. *Wakefield*, 4 N. H. 47. Payment of a tax being an essential condition, omission to tax meant the failure to meet the condition. There being no tax, there was no tax to pay. By the act of 1923, which removes the condition, cities and towns are now deprived of any legal method for making a pauper's residence ineffectual for purposes of acquiring a settlement. They must helplessly stand by while the term of residence is running. An unavoidable burden thus accrues. The method of gaining a settlement by residence only, which prevailed in early times, first under the English law and later under colonial statutes (*South Hampton* v. *Hampton Falls*, 11 N. H. 134), has been restored; but the concomitant right of the town to protect itself by a warning out has not been. Whether the legislature had it expressly in mind to take away all rights of self-protection, may be doubtful; but such is the inevitable result of the existing law.

It also may be noted that the act of 1931 seems deficient in protection of cities and towns. The assistance furnished under it is administered by the county commissioners, and the cities and towns have no voice in cases where their charges are aided. And section 4 of the act, giving the commissioners authority to require the dependent to convey part or all of his property to them in trust, shows scant regard for the welfare of the taxpayer in the dependent's place of settlement. The income of the property goes to the dependent, the authority of the commissioners to demand the conveyance is discretionary, and the act contains no provision for any reimbursement to the towns or cities from the property for their payments. These onerous impositions result inevitably from the language of the act, and the legislative purpose to establish them must be assumed. Both the act of 1923 and that of 1931 were designed to make radical changes in the law. Whether all the extremes to which they lead

were actually contemplated, is suggested only to point out how serious the changes are. They tend, if remotely, to reënforce the county's claim that the town is chargeable.

As the act of 1923 was in force for over seven years of the dependent's residence in Lempster and for that period before he applied for aid, the case is within its scope.

The defendant's argument, that the new law was in force only from the effective date of the Public Laws in 1926, overlooks the fact that the provision then reënacted was the same in every pertinent detail as the preceding act of 1923. The case therefore comes within the provision of Public Laws, chapter 105, section 3. The reënactment did not interrupt the running of the time necessary to establish a settlement.

*Judgment for the plaintiff.*

All concurred,