Cheshire,
May 3, 1932.

RALPH E. BULL *v.* CLESSON E. GOWING, & *a.*

*Roy M. Pickard*, for the plaintiff.

*Orville E. Cain* (by brief and orally), for Gowing.

*John J. Landers*, for Grau and Blanchard.

PEASLEE, C. J.   This action is brought against a tax collector and the vendees who bought personal property sold by him upon a distraint for taxes.   The regularity of the sale is not seriously questioned, and the property sold was owned by the person taxed.   A tax collector is not liable "for any cause whatever except his own official misconduct."   P. L., c. 66, s. 40.   It follows that there should be judgment in his favor.   *Osgood* v. *Welch*, 19 N. H. 105; *Gove* v. *Newton*, 58 N. H. 359, and cases cited.

As to the purchasers at the sale, different questions are presented. It has been the law here for many years that in a contest over the title to real estate sold to perfect a tax lien thereon the validity of the tax is open to inquiry.   *Glynn* v. *Maxfield*, 75 N. H. 482; *Winchester* v. *Stockwell*, 76 N. H. 193.

The same procedure has been followed where there has been a distraint upon personal property.   While no case of this nature has been found wherein the assessment was adjudged to be invalid and the distraint avoidable, there are numerous instances where the question has been investigated upon the assumption of the existence of a right to litigate it.   *Johnson* v. *Dole*, 3 N. H. 328; *Souhegan &c. Company* v. *McConihe*, 7 N. H. 309; *Scammon* v. *Scammon*, 28 N. H. 419; *Clark* v. *Bragdon*, 37 N. H. 562; *Bailey* v. *Cooper*, 79 N. H. 323.

It may be that neither in the case of a sale of real estate nor of a distraint upon personal property has there been a logical observance of the rule that a tax assessment is a judgment not subject to collateral attack.   But the procedure is of long standing, and is largely based upon statutes which have been reënacted many times.   It works out . the substantial justice which the statute (P. L., c. 66, s. 39) declares to be the test of right in these proceedings.

In this action to recover the value of property distrained for the payment of a tax, the plaintiff is entitled to challenge the validity of the tax for the purpose of impeaching the title of the purchasers at the collector's sale.

"Taxes cannot be assessed except by authority of the legislature." *Boston & Maine Railroad* v. *Concord*, 78 N. H. 192, 194, and cases cited.   While the statutory provisions as to the taxability of real es-

tate are general (P. L., *c.* 60, *ss.* 5-13), those as to personal property are special (*Ib. ss.* 14-18). There is no general provision that personal property is taxable. *Canaan* v. *District*, 74 N. H. 517, 541, and cases cited. The Massachusetts theory that all property is taxable unless exempt has never been adopted here, "our theory being that no property is to be taxed unless made subject to it by statute." Report of George Y. Sawyer, Chairman, Tax Commission, 1876, *p.* 13.

The only statutory provision claimed to authorize the tax here in question is that found in section 6, chapter 60 of the Public Laws. "Buildings, mills, machinery, wharves, ferries, toll-bridges . . . are taxable as real estate." The statute was amended to read as above by Laws 1917, chapter 6. Before that time it read: "Buildings, mills, carding machines, factory buildings and machinery," etc. P. S., *c.* 55, *s.* 3. Just what the purpose of this amendment was may not be entirely clear. The provision as to carding machines was probably repealed as obsolete, and apparently the remainder of the deletion was designed to make it plain that the owner of a mill which it might be argued would not be classed as a factory could not escape taxation as to its machinery. But whatever the object was, the fact that the designated subjects were to be "taxable as real estate" is satisfactory evidence that there was no purpose to tax machines which were not attached to the realty or used in connection therewith.

The only case in our reports which could be thought to bear upon the question now raised is *Dresser* v. *Hopkinton*, 75 N. H. 138. Hopkinton taxed a steam derrick which was being operated in that town on April first, in connection with the erection of a factory. The owner lived in Franklin and was taxed there on his derrick. On an appeal from the assessment, two grounds were relied upon, 1. that the derrick was not taxable and 2. that if taxable it was properly taxed in Franklin. 262 Briefs and Cases, 355. The appeal was sustained upon the second ground; and while the opinion might be thought to imply that the derrick was taxable, there is no statement to that effect. The head note is not borne out by the opinion. In so far as the case might be thought to be authority for the taxation of machinery which is in no way connected with the operation of a mill, or of real estate, it is not to be followed. The steam shovel was not taxable.

The sale being subject to avoidance upon the ground that the property was not subject to taxation, the plaintiff is to have such relief as justice requires. P. L., *c.* 66, *s.* 39. The original act (Laws 1895, *c.* 64) limiting the risk of failure of title which theretofore had been

taken by the purchaser at a tax sale (*Perham* v. *Company*, 64 N. H. 485), was broad enough to include sales of personal property. There is nothing in any subsequent action of the legislature to indicate any purpose to narrow its application. Although this provision was placed following those as to the sale of real estate in the revision relating to the collection of taxes adopted in 1925 (Laws 1925, *c.* 61) it is evident that there was no intent to narrow its scope. It is there followed in turn by other general provisions which unquestionably apply to all taxes locally assessed. The insertion of the sub-head "Miscellaneous Provisions" in Public Laws, chapter 66 after rather than before this section is an error of the editor of that publication (Laws 1925, *c.* 183, *s.* 1). It is not to be charged to the legislature, nor does it affect the interpretation of what was enacted.

The question, what justice requires, is for the superior court to decide, subject to the limitation that the conclusion reached must be based upon sufficient evidence. The facts now presented show that the plaintiff had a plain remedy by petition for the abatement of the tax. He neglected to take this, and the collector had no option in the matter of proceeding to collect; and the tax has been paid to the town. The defendants bought at a regularly conducted sale by a public officer, who was undertaking to collect a tax, from the laying of which no appeal had been taken or abatement asked. Whether, if the purchasers had bought knowing that the collector had no right to sell, or if, upon tender, their refusal to deliver went beyond reasonable delay to ascertain their rights (*Hett* v. *Railroad*, 69 N. H. 139) the defendants should be denied reimbursement, are questions not presented and upon which no opinion is expressed. The case comes here upon agreed facts which do not state all that might be material. But unless relief from the agreement is obtained in the superior court, the case is to be disposed of on the record as it now stands. *Dame* v. *Woods*, 73 N. H. 391, and cases cited; *State* v. *Corron*, 73 N. H. 434; *Labranche* v. *Society*, 76 N. H. 237. There is nothing in the agreement to call for a departure from the result usually reached in cases of illegal or irregular taxation. The plaintiff's property should be restored upon reimbursement of the defendants. *Winchester* v. *Stockwell*, 76 N. H. 193.

*Case discharged.*

All concurred.