Belknap, } No. 3950.
Nov. 8, 1950. }

### MYER Z. KOLODNY *v.* LACONIA.

*Charles B. McLaughlin* (by brief and orally), for the plaintiff.

*F. A. Normandin*, City Solicitor (by brief and orally), for the defendant.

*Gordon M. Tiffany*, Attorney General and *Warren E. Waters*, Assistant Attorney General (*Mr. Waters* orally), for the State Tax Commission, *amicus curiae*.

LAMPRON, J. It is incumbent upon the city of Laconia to show legislative authority to tax these machines for under our laws taxes cannot be assessed except by authority of the Legislature. *Boston & Maine R. R.* v. *Concord*, 78 N. H. 192, 194; *Bull* v. *Gowing*, 85 N. H. 483, 484; Const., Pt. I, *Arts*. 12, 28; *Id.*, Pt. II, *Arts*. 5, 6.

The city bases its authority to tax on the provisions of R. L., c. 73, s. 8, which reads as follows: "Buildings, mills, machinery, wharves, ferries, toll-bridges, locks and canals and aqueducts owned by private parties, any portion of the water of which is sold or rented for pay, are taxable as real estate."

The plaintiff maintains that these machines "are clearly not attached to the realty or used in connection therewith" and cannot therefore be taxed as machinery under the provisions of the above statute as interpreted by this court in *Bull* v. *Gowing, supra*.

The question of whether or not the machines are real or personal property for purposes other than taxation is not pertinent to the present case for the Legislature, by proper classification, has the power to make any kind of property personalty for the purposes of taxation, though it is real estate by the common law and for all other purposes, and vice versa. 3 Cooley, Taxation, s. 1065. The material

issue here is whether or not the Legislature intended that machines such as these be subject to taxation under the provisions of said R. L., c. 73, s. 8. It is our opinion that it did so intend.

Since early times our law has shown a purpose to subject certain instruments of production to taxation. 1 N. H. Laws 184; 4 N. H. Laws 14; 5 N. H. Laws 9. By act of June 27, 1809, the carding machine was accorded specific enumeration as an object of taxation. An 1825 statute provided that "all factory buildings, and work shops, with machinery thereunto appertaining . . . shall be estimated and taxed as buildings." 9 N. H. Laws 446. A statute approved January 4, 1833 (10 N. H. Laws 423) ordered the selectmen and as= sessors to set down in their invoices in separate columns "the following classes of ratable estate, namely; Polls, Real estate including buildings, unimproved and improved land . . . ; Mills, carding Machines, wharves and Ferries Factory buildings and machinery." Accordingly real estate was to be in a separate column, as were to be mills, carding machines, factory buildings and machinery.

In the revision of 1842 it was set forth for the first time that certain of the above objects of taxation, among which, mills, carding machines, factory buildings and machinery, "shall for the purpose of taxation be deemed real estate." This language continued substantially the same until a change therein was made by Laws 1917, c. 6, which struck out the words "carding machines, factory buildings and" to make the law read as it does now in R. L., c. 73, s. 8: "Buildings, mills, machinery, . . . are taxable as real estate."

The above history of this legislation demonstrates to us an intent on the part of the Legislature to include among the objects made subject to tax as "machinery" in R. L., c. 73, s. 8, certain instruments of production or machines which by their nature are designed for use in connection with real estate whether or not they are part of or attached to the realty. The knitting machines here involved are in that class.

The seventh annual report of the State Tax Commission (1917) has the following comment on the affect of the revision effected by Laws 1917, c. 6: "It has been a mooted question in some localities whether machinery disconnected with factory buildings and not falling in the class of carding machines is taxable under s. 3, c. 55, Public Statutes, which reads in part, 'Buildings, mills, carding machines, factory buildings and machinery . . . are taxable as real restate.' Chapter 6, Laws of 1917, definitely settles this particular question by amending section 3 so that it now reads, 'Buildings, mills, machinery . . . are

taxable as real estate." No further argument will be necessary with those who have sometimes claimed that printing presses were not taxable." This administrative interpretation gives added weight to the literal wording of the statute now under consideration. *Bellows Falls &c. Co.* v. *State*, 94 N. H. 187, 190.

This interpretation of the statute is not in any way contrary to the holding in *Bull* v. *Gowing, supra,* for the road machinery there involved was not such an instrument or machine as would by nature be used in connection with real estate.

The fact that the machines were not in production or in a position to produce on April 1, 1949, and had not been used for some weeks prior thereto does not prevent them from being taxable. *Hamilton Mfg. Co.* v. *Lowell*, 274 Mass. 477.

The answer to the transferred question is in the affirmative.

*Case discharged.*

All concurred.