Sullivan,
No. 5486.

THEODORE FRIZZELL & a.

v.

CHARLESTOWN.

Argued May 4, 1966.
Decided June 30, 1966.

*Upton, Sanders & Upton* ( *Mr. Richard F. Upton* orally ), for the plaintiffs.

*Buckley* and *Zopf* for the defendant, filed no brief.

LAMPRON, J. RSA 72:15, prior to its amendment by Laws 1963, ch. 318, read in part as follows:

"72:15 PERSONAL ESTATE. Personal estate liable to be taxed is: . . .

"IV. DRAFT ANIMALS. Horses, asses, and mules over twenty-four months old.

"V. NEAT STOCK. Oxen, cows, and other neat stock over twenty-four months old.

"VI. SHEEP, GOATS AND HOGS. Sheep and goats over one year old and hogs over six months old . . .

" VII. Poultry. Poultry of every description over four months old in excess of the aggregate value of fifty dollars. "

House Bill No. 186 entitled " An Act repealing the taxation of livestock and poultry " was introduced in the 1963 session of the Legislature. It provided as follows: " Repeal. Paragraphs IV, V, VI and VII of RSA 72:15 . . . are hereby repealed . . . as of April 1, 1964. " It passed the House without amendment.

The Senate, by its Committee on Ways & Means, however, proposed it be amended by "striking out all after the enacting clause and inserting in place thereof the following:

" 1. Oxen, cows, etc. Amend paragraph V of RSA 72:15 by striking out said paragraph and inserting in place thereof the following: V. Neat stock. In the tax year commencing April 1, 1964, oxen, cows, and other neat stock over twenty-four months old, in excess of the aggregate value of one thousand dollars; and in the tax year beginning April 1, 1965, such property in excess of the aggregate value of two thousand dollars. Thereafter such property shall be exempt from taxation.

" 2. Poultry. Amend paragraph VII of RSA 72:15 by striking out said paragraph and inserting in place thereof the following: VII. Poultry. In the tax year commencing April 1, 1964, poultry of every description over four months old in excess of the aggregate value of three hundred and fifty dollars; and in the tax year commencing April 1, 1965, such property in excess of the aggregate value of seven hundred dollars. Thereafter such property shall be exempt from taxation.

" 3. Repeal. Paragraph IV of RSA 72:15 relating to the taxation of draft animals, and paragraph VI of RSA 72:15, relating to the taxation of sheep, goats and hogs, are hereby repealed. "

This last paragraph remained unchanged in the next and final amendment of this bill by the Senate before its final passage which by concurrence of the House in the amendment became Laws 1963, c. 318. The final amendment changed sections 1 and 2 to the following:

" 1. Oxen, cows, etc. Amend paragraph V of RSA 72:15 by striking out said paragraph and inserting in place thereof the following: V. Neat stock. In the tax year commencing April 1, 1964, oxen, cows, and other neat stock over twenty-four months old, in excess of the aggregate value of one thousand dollars.

" 2. Poultry. Amend paragraph VII of RSA 72:15 by striking out said paragraph and inserting in place thereof the following:

VII. POULTRY. In the tax year commencing April 1, 1964, poultry of every description over four months old in excess of the aggregate value of three hundred and fifty dollars."

A section "4. AFFIDAVITS REQUIRED" was also added to House Bill No. 186 providing that "Any owner of a herd of animals or flock of poultry requesting an exemption provided for the tax year commencing April 1, 1964 by RSA 72:15 V or VII as inserted by this act shall file with the assessing officials an affidavit under oath that no part of said herd or flock has been purchased, received, transferred or sold for the purpose of gaining an additional tax exemption." 1963 Senate Journal 1061.

The issue to be decided is whether the legislative authority to tax livestock under Laws 1963, 318:1 (now RSA 72:15 V (supp)) expired with the end of the tax year beginning April 1, 1964 as contended by the plaintiffs. We hold that it did not and that the town of Charlestown could validly tax the livestock of the plaintiffs for the year 1965 and succeeding years unless there be further action by the Legislature.

It is a well settled rule that no tax can be assessed in the absence of a manifest declaration of intent of the Legislature to impose it. *Canaan* v. *District*, 74 N. H. 517, 539; *Kolodny* v. *Laconia*, 96 N. H. 337, 338; *Public Service Co.* v. *State*, 101 N. H. 154, 162. It is equally well settled that the test in the interpretation of a statute is to inquire as to what was the legislative intent. *Chagnon* v. *Union-Leader Co.*, 104 N. H. 472, 473. "In interpreting the law, we are bound to be mindful of its apparent purpose, as disclosed by its language in the light of its legislative history." *Id.*, 476.

The legislative history of this bill has demonstrated clearly that the Legislators were familiar with and did use the word "repeal" whenever it was their intent to terminate the existence of a tax. This word was used to end the life of sections IV, V, VI and VII of RSA 72:15 in the bill as originally introduced. Sections IV and VI were "repealed" in the two amended drafts, one of which was the final form of the bill adopted as Laws 1963, *c.* 318. As to the taxes imposed by sections V (in issue here) and section VII, the Legislature plainly manifested, in the first Senate amendment proposed by its Ways & Means Committee, its intention to have them terminate after two years by the use of the following plain and unmistakable language: "Thereafter such property shall be exempt from taxation." 1963 Senate

Journal 1008. The absence of an expressed intention to "repeal" the tax on neat stock under RSA 72:15 V (supp) and of a provision that this type of personal property "be exempt from taxation" after the tax year "commencing April 1, 1964" forecloses a finding of a manifest intention on the part of the Legislature that this tax was to be imposed for the year 1964 only. *Chagnon* v. *Union-Leader Co.,* 104 N. H. 472, 473. In such a situation an intent that such property is to be exempt from taxation after the tax year 1964 cannot be implied. *Hayes* v. *Archambault,* 106 N. H. 434, 436.

Furthermore it is doubtful that the Legislature would have found it necessary and advisable to enact the requirement of affidavits (Laws 1963, 318:4, now RSA 72:15 X (supp)) to forestall maneuvers to evade this tax it if were to be for one year only. Finally although the construction of RSA 72:15 V (supp) by the Legislature is neither conclusive nor binding on this court (*Spicer* v. *Claremont,* 104 N. H. 461, 464), the fact that the 1965 Legislature enacted an addition to the requirements for an exemption under this tax, which the plaintiffs maintain was then no longer in existence, is some indication of the legislative intent when the amendment to the tax on neat stock was enacted in 1963. Laws 1965, 264:1 (enacted July 2, 1965, effective April 1, 1966).

We therefore hold that the town of Charlestown could tax the plaintiffs' livestock in 1965 under the provisions of RSA 72:15 V (supp): "NEAT STOCK. In the tax year commencing April 1, 1964, oxen, cows, and other neat stock over twenty-four months old, in excess of the aggregate value of one thousand dollars."

*Remanded.*

DUNCAN, J., dissented; the others concurred.