Merrimack,
No. 5602.

GILFORD

*v.*

STATE TAX COMMISSION.

Argued May 3, 1967.
Decided May 23, 1967.

*Upton, Sanders & Upton* ( *Mr. Richard F. Upton* orally ), for the plaintiff.

*George S. Pappagianis*, Attorney General and *R. Peter Shapiro*, Assistant Attorney General ( *Mr. Shapiro* orally ), for the defendant.

KENISON, C. J. RSA 216-A:3-a; Laws 1963, 308:1 provides in pertinent part as follows: " *Whenever the state acquires* any real property in a town or city for public recreational or park purposes the state shall annually pay to the town or city where such property is situate a sum equal to the taxes which would have been assessed against such property had such property remained taxable, basing such payments upon the assessed value of the property for the year prior to the year of acquisition at the current local rate of taxation applicable for the year in which payment is made, until and including the year the property is opened to the public for recreational or park use . . . . " ( Emphasis supplied ).

The defendant contends that this statute which became effective April 1, 1964 has no application to the plaintiff because the properties in Gilford were acquired by the State in 1963. The defendant argues that the statute is not remedial ( *cf. Pepin* v. *Beaulieu*, 102 N. H. 84, 89 ) but is " more of a *charitable* nature, giving aid to a municipality where in fact there was no right to same " and therefore it should be given a limited or strict construction. Probably many inadvertent sins have been committed in the name of legislative intent but the danger of error is lessened if we do not adopt arbitrary canons of strict construction merely because we are dealing with statutes relating to taxation, or tax exemptions or payments in lieu of taxes. See Llewellyn, The Common Law Tradition — Deciding Appeals 521-535 ( 1960 ). The contention " that tax exemption laws are to be construed with rigorous strictness and a technique of narrowing application . . . " was rejected in *Young Women's Christian Ass'n* v. *Portsmouth*, 89 N. H. 40, 41-42. " The view that statutes imposing taxes are, as a matter of course, to be strictly construed, does not have judicial sanction in this jurisdiction. " *Kimball* v. *Potter*, 89 N. H. 234, 235. Generally speaking it is more fruitful to examine the language of the statute in the light of its

purposes and objectives. "If a statute is to make sense, it must be read in the light of some assumed purpose." Llewellyn, *supra*, 374.

The governing statute (RSA 216-A:3-a; Laws 1963, 308:1) was entitled "An act Empowering the State to Reimburse Towns for Loss of Taxes under Certain Circumstances." The legislative history of the statute is inconclusive but it is obvious that the statute was enacted to provide some relief to municipalities which had lost tax revenue because of State ownership. RSA 72:23 (supp). The phrase in the statute "whenever the state acquires any real property" is broad enough to include past as well as future acquisitions by the State for public recreational or park purposes. In previous cases we have not placed a restrictive meaning on the words "acquire" or "acquisition." *Goodrich Falls Co.* v. *Howard*, 86 N. H. 512, 514; *Scribner* v. *Wikstrom*, 93 N. H. 17, 19; *Leavitt* v. *North Hampton*, 98 N. H. 193, 197. The word "whenever" in context is broad in its application and would normally mean "at whatever time" the State acquires real property for public recreational or park purposes.

The fact that this statute was effective as of April 1, 1964 is significant. In this state real estate taxes are assessed as of April 1 in each year (RSA 74:1) and the tax year begins on that date. *Saidel* v. *Felsher*, 83 N. H. 582. The tax for the whole year is an obligation of the owner as of April 1 (*Jaffrey* v. *Smith*, 76 N. H. 168) and the tax becomes due and payable as of that date. *Petition of Gilbert Associates*, 97 N. H. 411. April 1, 1964 was the first date the plaintiff commenced to suffer tax losses on the properties acquired by the State. We conclude that the language of the statute read in the light of its objectives and purposes provided for tax reimbursement to the plaintiff for the tax years 1964 and 1965 and that the statute was not limited in its application only to real property acquired by the State for public recreational or park purposes after April 1, 1964.

*Remanded.*

All concurred.

## MEMORANDUM.

On May 25, 1967, Mr. Robert F. Griffith, Associate Justice of the Superior court, was appointed an Associate Justice of this court.