Rockingham
No. 6861

DAVID E. KINCHLA & a.

v,

WILLIAM L. BAUMNER III & a.

December 31, 1974

*Shute, Engel & Frasier* and *Lynn D. Morse (Mr. Morse* orally) for the plaintiffs.

*Perkins, Holland, Donovan & Beckett* and *Arthur C. Randlett (Mr. Randlett* orally) for the defendants.

GRIMES, J. The question before the court is whether RSA 510:4 I (Supp. 1973) confers jurisdiction over a defendant who was a resident at the time of the occurrence out of which the cause of action arose but who had become a nonresident before the time of service. We hold that it does.

Plaintiffs brought an action for deceit in the sale of land and buildings. Service of process was made in accordance with RSA 510:4 II (Supp. 1973). Defendants appeared specially and filed a motion to dismiss for lack of jurisdiction. After a hearing, the motion was granted and plaintiffs' exception was transferred by *Morris, J.*

This action arose from sale of certain land and buildings by the defendants to the plaintiffs. The property is located in East Kingston, New Hampshire, and the sale was consummated on or about October 27, 1972. This controversy arose

over certain alleged statements made by the defendants concerning the condition of the cellar and a well on the property.

Before, during, and after the sale of the premises and the alleged statements, the defendants were residing in East Kingston. On or about November 1, 1972, the defendants left the State of New Hampshire to reside in Newtown, Pennsylvania.

This case focuses around the interpretation of RSA 510:4 I (Supp. 1973) which is captioned "Nonresident Defendant. Jurisdiction" and reads: "Any person, who is not an inhabitant of this state, and who in person or through an agent transacts any business within this state, commits a tortious act within this state, or has the ownership, use, or possession of any real or personal property situated in this state, submits himself, or his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from or growing out of the acts enumerated above."

Defendants' principal argument is that for RSA 510:4 I (Supp. 1973) to apply, one of the enumerated acts must take place during the nonresidence of the party to be charged. Defendants reach this conclusion by a textual analysis of the act. They argue that because of strategically placed commas and the conjunctive "and", both elements must contemporaneously exist before jurisdiction attaches to a New Hampshire court.

Defendants also contend that a more precise statute could have removed the alleged limitation. In support of this argument, defendants point to this State's motor vehicle act, RSA 264:1, which specifically provides that the act "shall not apply to a resident unless after the accident he shall have removed from the state." Similar language in RSA 510:4 I (Supp. 1973), defendants claim, would have clarified the statute, since such language shows an obvious legislative intent to retain jurisdiction over wrongdoers who remove themselves from the State before being served.

In response, plaintiffs argue that RSA 510:4 I (Supp. 1973) does provide a basis for jurisdiction over the defendants because grammatical analysis of the statute actually vests jurisdiction over any "nonresident" so long as one of the three enumerated acts is present. Plaintiffs rely on legislative intent

and assert in their brief that the defendants' position "would produce an unjust and illogical result for it would deprive a New Hampshire resident the opportunity to litigate his claim in a New Hampshire court, once the New Hampshire resident who committed the proscribed act removes himself from the state."

When construing a statute, this court will look to both the legislative intent and the objectives of the legislation. *Frizzell v. Charlestown,* 107 N.H. 286, 220 A.2d 742 (1966); *Chagnon v. Union-Leader Corp.,* 104 N.H. 472, 190 A.2d 721 (1963); *Newell v. Moreau,* 94 N.H. 439, 443, 55 A.2d 476, 480 (1947). During the only legislative discussion on record regarding the present law, RSA 510:4 I (Supp. 1973), Senator Leonard commented that "[T]his bill [HB 616] changes the procedure of getting service out-of-state. Under the present law, it is difficult for a New Hampshire citizen to get service. This simplifies the procedure and makes it the same as the procedure used now on out-of-State motorists, by service on the Secretary of State." N.H.S. Jour. 1088 (1969). Consequently, if this statute is read in conjunction with the motorists long-arm statute (RSA 264:1), the manifest intent of the legislature is clear. Both statutes should reach and apply to residents who, after committing an alleged wrongdoing in the State, move to another jurisdiction.

The motor vehicle statute, RSA 264:1, provides that "any person" who operates a motor vehicle on the highways of this State thereby is deemed to have appointed the director of motor vehicles his attorney upon whom services of process may be made. The purpose of the statement that the section "shall not apply to a resident unless after an accident he shall have removed from the state" was not, as defendants contend, to make it apply to residents who became nonresidents, but to prevent it from being applied to residents who remained residents. No such provision was necessary in RSA 510:4 I (Supp. 1973) since it is by its language confined to nonresidents only, although it may reach residents who later leave the State.

Not only does the legislative intent favor providing residents of the State with a forum to reach nonresident defendants, but this construction furthers the objectives of a long-

arm statute, whose purpose and utility is to reduce preliminary skirmishing over jurisdiction so that the merits of a controversy can be expeditiously resolved. Carrington & Martin, *Substantive Interests and the Jurisdiction of State Courts,* 66 Mich. L. Rev. 227, 246-48 (1967); Hazard, *A General Theory of State-Court Jurisdiction,* 1965 S. Ct. Rev. 241.

RSA ch. 510 deals with various ways of serving on nonresident defendants and is oriented toward nonresidence at the time of service rather than at the time the cause of action arose. Therefore, so long as the defendants were not residents of this State at the time of service of process and a tortious act in this State has been alleged under RSA 510:4 I (Supp. 1973), we hold that our courts do have jurisdiction. *See Leeper v. Leeper,* 114 N.H. 294, 319 A.2d 626 (1974).

*Plaintiffs' exception sustained; remanded.*

All concurred.