Robert E. McCANN

v.

Edward J. SILVA, Chairman, Donald H. Botsch, Selectman, Donald R. Dwyer, Selectman, Bossie & Kelly, Inc., Town Counsel, David A. Hodgen, Administrative Assistant, James Watson, Judge, and William H. Shaheen, U. S. Attorney.

Civ. No. 78–173.

United States District Court,
D. New Hampshire.

Sept. 11, 1978.

Robert E. McCann, pro se.

Jay L. Hodes, Manchester, William H. Shaheen, U. S. Atty., Concord, N. H., for defendants.

## OPINION

DEVINE, District Judge.

Plaintiff, a resident owner of real estate situated in Merrimack, New Hampshire, finds himself aggrieved by the imposition of real estate taxes. He filed this pro se civil rights complaint against the Selectmen of Merrimack, their Administrative Assistant, and the Town Attorneys, alleging jurisdiction existed pursuant to 42 U.S.C. §§ 1983, 1985(3), 1986; and 18 U.S.C. §§ 1331, 1343, and 2201. The defendants named in these pleadings moved seasonably to dismiss.

Plaintiff subsequently filed a petition for injunctive relief against a threatened tax sale of his real estate. The Court[1] denied this petition on the ground that there was no showing of irreparable harm. Plaintiff then joined the Judge as a party defendant, and, when the United States Attorney moved to dismiss in behalf of the Judge, plaintiff joined the United States Attorney as a party defendant. An Assistant United States Attorney subsequently filed a motion to dismiss in behalf of the United States Attorney.

The motions to dismiss initially came on for hearing before the Court on July 28, 1978. At that time, plaintiff indicated to the Court that he was not in a position to properly proceed without counsel, and the

1. Watson, J., United States Customs Judge, By Designation.

Court advised him that he would be granted thirty days to procure counsel, and the matter would then be rescheduled for hearing. Plaintiff did not procure counsel, but continued to file pro se pleadings.

On September 8, 1978, a hearing was held on the motions to dismiss. At that time, plaintiff requested the Court to appoint counsel, but the Court pointed out to him that he had been given adequate opportunity to obtain counsel, and that this was not the type of case in which he was entitled to appointed counsel. The Court heard oral argument from all parties, and has examined the pleadings and memoranda on file.

Plaintiff seeks the opportunity to contend that the Constitution of the United States, as interpreted by him, forbids the imposition of real property taxes by states or their subdivisions, and that duly elected officials who attempt to impose such taxes necessarily violate his constitutional rights, and are required to respond individually in damages. Whatever may be the philosophical approach to such argument, it is obviously unsound in law.

■■■ It is well established that the taxing power of a state is one of its attributes of sovereignty, which exist independently of the Constitution of the United States, and as such, it may be exercised to an unlimited extent upon all property existing within the territorial boundaries of the state, except so far as it has been surrendered to the federal government. *Railroad Company v. Peniston*, 18 Wall. 5, 29, 85 U.S. 5, 29, 21 L.Ed. 787 (1873). The source of the taxing power in New Hampshire is found in Part 2, Article 5, of its constitution, which predates that of the United States. The taxing power is vested by law in the legislature. *Hampton v. Marvin*, 105 N.H. 34, 193 A.2d 441 (1963); *Estate of Kennett v. State*, 115 N.H. 50, 333 A.2d 452 (1975). A state is free to give its own interpretation of the nature and effect of a state tax proceeding for the purpose of its own internal administration. *United States v. Gilbert Associates, Inc.*, 345 U.S. 361, 363, 73 S.Ct. 701, 97 L.Ed. 1071 (1953).

■ By statute, the New Hampshire Legislature has provided for the imposition of taxes upon all real estate, improved or unimproved. RSA 72:6. This legislation provides local government units with broad power to tax real property within their borders. *King Ridge, Inc. v. Sutton*, 115 N.H. 294, 340 A.2d 106 (1975).

■ Accordingly, the selectmen of the various towns are required to procure an inventory of all taxable property in April of each year. RSA 74:1. The tax year begins on April 1, the tax for the current year is an obligation of the property owner as of that date, and the tax is due and payable as of that date. *Gilford v. State Tax Commission*, 108 N.H. 167, 229 A.2d 691 (1967).

All owners of New Hampshire real estate are furnished with inventory forms (RSA 74:5) that must be returned by April 15 (RSA 74:7). Failure to so file these returns, prior to 1977, caused (with certain exceptions not here applicable) loss of the right to seek an abatement of taxes. *H.J.H., Inc. v. State Tax Commission*, 108 N.H. 203, 230 A.2d 739 (1967); *Pelham Plaza v. Town of Pelham*, 117 N.H. 178, 370 A.2d 638 (1977).

■ If a taxpayer desires an abatement, he may seek same in the first instance from the selectmen (RSA 76:16), and then may seek appeal from either the Tax Commission (RSA 76:16–a [supp]) or from the state superior court (RSA 76:17 [supp]).

The 1977 Legislature amended the inventory procedure by inserting a new requirement relative to the filing of inventories. This statute, effective April 1, 1978, provides:

74:7–a *Penalty for Failure to File.* Any person who fails to file a fully completed inventory form on or before April 15, unless granted an extension under RSA 74:8, shall pay a penalty of one percent of the property tax for which he is liable. In no case, however, shall the penalty be less than $10 or more than $50. Any person who fails to file an inventory form and who becomes liable to pay the penalty specified in this section shall lose his right to appeal any matter pertaining

to the property tax for which he is liable or exemptions to which he may be entitled. This penalty has all the force of taxation and shall be treated as incident to the tax.

Upon receiving such inventory for 1978, plaintiff sought a meeting with the Selectmen and contended that the inventory violated his constitutional rights. He was subsequently advised by them that they did not agree and that he must file inventory in the form supplied. The attorneys for the Town concurred in the action of the Selectmen, and the above-described series of events led to this litigation.

Citing that he wishes to assert a "test case", plaintiff (as he advised the Court) refused to pay his real estate taxes within the period prescribed (RSA 80). When such taxes remain unpaid, a lien is imposed in favor of the municipality (RSA 80:19[supp]); and a sale of the property may be had (RSA 80:20) upon proper notice to the taxpayer (RSA 80:21). Property that is sold for delinquent taxes may be redeemed within two years of such tax sale upon payment of the amount of sale plus certain costs and interest charges (RSA 80:32, 33).

It was against such tax sale that plaintiff sought injunctive relief, and the Court denied same for lack of irreparable harm on the basis of the redemption statutes above outlined.

The federal anti-tax injunction statute (28 U.S.C. § 1341) provides:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

This statute reflects the general policy of federal court non-intervention in state matters. 1A Moore's Federal Practice, 0.207 at 2286 (2d Ed. 1977). The rule that allows civil rights actions to be maintained under 42 U.S.C. § 1983 without the prior exhaustion of state judicial remedies does not constitute an exception to the exhaustion requirement of the above statute. *Evangelical Catholic Communion, Inc. v. Thomas*, 373 F.Supp. 1342 (D.Vt.1973), affirmed without opinion, 493 F.2d 1397 (2d Cir. 1974).

It is obvious that the New Hampshire legal system provides the plaintiff here with a "plain, speedy and efficient remedy". He may attack the constitutionality of any of the revenue statutes he challenges by means of declaratory judgment (*Felder v. Portsmouth*, 114 N.H. 573, 324 A.2d 708 [1974]), or he may follow the steps seeking abatement outlined in the statute above cited. His contention that the requirement of filing an inventory would impinge upon his constitutional freedom to withhold personal financial information from the government is without merit. *O'Brien v. DiGrazia*, 544 F.2d 543 (1st Cir. 1976).

The verbose and prolix pleadings filed by plaintiff do not give rise to a cause of action for "bad faith" actions on the part of the defendants Selectmen, their Administrative Assistant, and their counsel. In fact, had the Selectmen failed to enforce the requirement that they seek return of the property inventory, they would be guilty of a misdemeanor (RSA 74:13 [supp]). *Cf. also, Kadar Corp. v. Milbury*, 549 F.2d 230 (1st Cir. 1977).

In denying the request for injunctive relief against the tax sale, the federal judge clearly acted within his judicial jurisdiction and is, therefore, granted immunity from an attempt to recover in a civil rights action. *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). In moving to dismiss in behalf of the federal judge, the office of the United States Attorney likewise acted within the scope of their official duties, and are to be granted the same immunity. *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

The underlying complaint of plaintiff to the effect that abandonment of gold or silver backing for United States currency has deprived him of some constitutional

right cannot be asserted as against the named defendants. They obviously have no connection with or power to exert or interfere with the monetary system of the United States.

It is obvious that the instant case is not properly within the jurisdiction of this court, and the pleadings therein fail to state a cause of action upon which relief may be granted. For the reasons herein set forth, it is therefore ordered that the motions to dismiss in behalf of all defendants be, and they hereby are, granted.

SO ORDERED.