Board of Tax and Land Appeals
No. 96-561

APPEAL OF TOWN OF PELHAM

(New Hampshire Board of Tax and Land Appeals)

May 11, 1999

*Soule, Leslie, Kidder, Zelin, Sayward and Loughman,* of Salem (*Diane M. Gorrow* on the brief and orally), for the petitioner.

*Robert Preston, pro se,* filed no brief.

THAYER, J. The Town of Pelham (town) appeals a decision of the New Hampshire Board of Tax and Land Appeals (board) granting tax abatements for 1993 and subsequent years, *see* RSA 76:17-c (1998), on trailers owned by the taxpayer, Robert Preston. We reverse in part, affirm in part, and remand.

Robert Preston owns a two and one-half acre parcel in Pelham. The property includes a single-family home and fuel oil business. In 1993, the town increased the property's building assessment by $7,000. The increase reflected the assessment of eight trailers Preston uses for storage on the property. Two trailers are truck bodies with no chassis or wheels, set on railroad ties. One of these trailers has been on the property since 1978. Four of the other trailers are on wheels, but are not registered. These trailers have been on the property for over three years.

Preston's abatement request for the 1993 assessment was denied. Thereafter, he appealed to the board. The board ruled that the trailers were not taxable because they did not constitute "fixtures" or "manufactured housing" and ordered the town to adjust the property's assessment accordingly. The town filed a motion for reconsideration. The board upheld its prior ruling and further determined that the trailers did not constitute "buildings." The town appeals the board's rulings.

The sole issue in this case is whether the trailers are taxable property within the meaning of RSA chapter 72 (1991 & Supp. 1998). In its order, the board applied a plain meaning approach to the word "buildings" to conclude that the storage trailers did not constitute buildings as used in RSA 72:7 (1991). The town argues that RSA 72:7 should be construed broadly. Because the trailers are used as storage sheds, the town contends, the board erred in concluding that the trailers are not taxable as buildings within the meaning of RSA 72:7.

"Our standard of review for appeals from the board provides that the petitioner has the burden of showing that the board's decision is clearly unreasonable or unlawful, and all findings of the board upon all questions of fact shall be deemed to be prima facie lawful and reasonable." *Appeal of Kiwanis Club of Hudson*, 140 N.H. 92, 93, 663 A.2d 90, 91 (1995) (quotation, brackets, and ellipses omitted); *see* RSA 541:13 (1997); RSA 71-B:12 (1991).

The question of whether the trailers are real or personal property for purposes other than taxation is not pertinent because the legislature, by proper classification, has the power to make any kind of property taxable. *Kolodny v. Laconia*, 96 N.H. 337, 338, 76 A.2d 507, 508 (1950). Therefore, whether the trailers are taxable as "buildings" depends upon the scope of the term as it is used in RSA 72:7. *See id.* at 339, 76 A.2d at 508. "Following basic tenets of statutory interpretation, we first examine the language of the text; to the extent that it is not specifically defined, we give the language its plain and ordinary meaning, if possible." *N.H. Div. of Human Services v. Hahn*, 133 N.H. 776, 778, 584 A.2d 775, 776 (1990). Further, "[t]he view that statutes imposing taxes are, as a matter of course, to be strictly construed, does not have judicial sanction in this jurisdiction." *Gilford v. State Tax Commission*, 108 N.H. 167, 168, 229 A.2d 691, 693 (1967) (quotation omitted). Instead we "examine the language . . . in the light of its purposes and objectives." *Id.* at 168-69, 229 A.2d at 693.

■ RSA 72:7 provides that buildings, mills, wharves, ferries, and other specific classes of property are deemed to be real estate and therefore taxable. *Crown Paper Co. v. City of Berlin*, 142 N.H. 563, 567, 703 A.2d 1387, 1389 (1997). Because "buildings" is not defined by the statute, we look to its plain and ordinary meaning. A building is defined as

> a thing built: a: a constructed edifice designed to stand more or less permanently, covering a space of land, usu[al-ly] covered by a roof and more or less completely enclosed by walls, and serving as a dwelling, storehouse, factory, shelter for animals or other useful structure — distin-guished from structures not designed for occupancy (as fences or monuments) and from structures not intended for use in one place (as boats or trailers) even though subject to occupancy.

WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 292 (un-abridged ed. 1961). Despite the fact that trailers as commonly used

are not stationary, Preston's use of the trailers as storage sheds is entirely consistent with the plain meaning of buildings. Therefore, the board erred when it concluded as a matter of law that truck trailers could not constitute "buildings" under the statute.

■ A trailer is taxable as a building if by its use it: (1) is intended to be more or less permanent, not a temporary structure; (2) is more or less completely enclosed; (3) is used as a dwelling, storehouse, or shelter; and (4) is intended to remain stationary. *Cf.* RSA 72:7-a (1991). On remand, the board shall apply this standard to determine whether the trailers constitute "buildings" under the statute.

The town also contends that the board erred in determining that the trailers were not taxable as "fixtures" under RSA 72:6 (1991). RSA 72:6 makes "[a]ll real estate" taxable.

> A chattel loses its character as personalty and becomes a fixture and part of the realty when there exists an actual or constructive annexation to the realty with the intention of making it a permanent accession to the freehold, and an appropriation or adaptation to the use or purpose of that part of the realty with which it is connected. . . . [W]hether an item of property is properly classified as personalty or a fixture turns on several factors, including: the item's nature and use; the intent of the party making the annexation; the degree and extent to which the item is specially adapted to the realty; [and] the degree and extent of the item's annexation to the realty . . . .

*N.E. Tel. & Tel. Co. v. City of Franklin*, 141 N.H. 449, 453, 685 A.2d 913, 916-17 (1996) (quotation, emphasis, and citations omitted).

■ In this case, the board did not err in concluding that the trailers are not fixtures. Although the trailers are used as storage sheds, they have not been sufficiently altered to divest them of their character as personalty. *See Dana v. Burke*, 62 N.H. 627, 629 (1883). The trailers are readily removable and transportable without affecting the utility of the underlying land, buildings, or the trailers themselves. Further, the trailers are not constructively annexed to the land because they are not adapted to the fit and beneficial use of a principal article that is affixed to the land and their removal would not leave a principal article incomplete and unfit for use. *See id.* Moreover, the trailers could be equally useful and adapted for general use elsewhere. *See id.; see also N.E. Tel. & Tel.*, 141 N.H. at 453, 685 A.2d at 917. Therefore, it was not clearly unreasonable or

unlawful for the board to hold that the trailers were not taxable as "fixtures" under RSA 72:6.

*Reversed in part; affirmed in part; remanded.*

All concurred.